**BROWN & ROOT, Inc., et al. v. UNITED STATES.**

**UNITED STATES v. BROWN & ROOT, Inc., et al.**

**No. 13517.**

United States Court of Appeals
Fifth Circuit.

June 27, 1952.

---

1. N. L. R. B. v. Highland Park Co., 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969; N.

L. R. B. v. Postex Cotton Mills, 5 Cir., 181 F.2d 919.

W. B. Browder, Jr., Houston, Tex., for appellants.

William G. Winters, Jr., Asst. U. S. Atty., Briam S. Odem, U. S. Atty., Houston, Tex., for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

This suit was instituted by Brown & Root, Inc., and American General Insurance Company, its public liability insurance carrier, against the United States under the Federal Tort Claims Act, 60 Stat. 842, 28 U.S.C.A. § 2671 et seq., for indemnity, or, in the alternative, for contribution for payments made by the insurance company on behalf of Brown & Root, Inc., in settlement of suits filed against the latter by William L. Morgan, Thomas J. Rogers and the heirs and administrator of the estate of Robert E. Quinn, Jr.

The evidence disclosed that Brown & Root, Inc., was engaged in constructing and repairing an access road on the military reservation known as Camp Hood, Texas. At about 11:30 P. M., Jesse Robinson, a civilian employee of the United States, was driving along the access road in a Government-owned pick-up truck accompanied by Morgan, Rogers and Quinn, all of whom were civilian employees of the United States. Robinson was driving at a speed of 35 to 50 miles per hour as he approached an open culvert, excavated by employees of Brown & Root, Inc., and which extended completely across the road. Although there was a barricade erected across the road at that point and a detour around the culvert had been provided, there were no effective warning devices or lighted flares provided to caution the approaching motorists of the danger which lay ahead. Robinson did not

see the culvert and barricade until they were illuminated by his headlights. He immediately applied his brakes. This caused the vehicle to skid on the loose gravel on the roadway. He turned the vehicle toward the detour, lost control of the truck, skidded off the road, and turned over. Morgan and Rogers were injured and Quinn was killed.

Morgan, Rogers, and the heirs and administrator of the estate of Quinn filed separate suits in the State Court against Brown & Root, Inc., to recover for the injuries and death. The United States was notified of these suits and an unsuccessful attempt was made to make it a party. Before the trial of the suits, Brown & Root, Inc., through American General Insurance Company, made settlements in each case. Inasmuch as a minor was involved in the Quinn suit, a hearing was had in that suit and a judgment was entered distributing the proceeds of the agreed settlement.

Other facts in the case which involve questions we do not reach in view of our conclusions, as hereinafter stated, appear in the memorandum opinion of the trial Court referred to below.

The Court found that the proximate causes of the injuries and death were the negligence of Brown & Root, Inc., in failing to place at the barricade effective warning devices and the negligence of Robinson in failing to have the truck under his control as he approached the barricade, and concluded that the negligence of Brown & Root, Inc., was the more culpable. For reasons stated in its memorandum opinion, reported at 92 F.Supp. 257, the trial Court denied recovery of both indemnity and contribution, and entered judgment for the United States. Inasmuch as American General Insurance Company, which had satisfied the claims against Brown & Root, Inc., was the real party at interest, Brown & Root, Inc., was dismissed on motion of the United States. American General Insurance Company is the appellant in this proceeding.[1]

The appellant urges that the Court erred in finding that the negligence of Brown & Root, Inc., was a proximate cause of the accident and in failing to "distinguish between the quality of negligence" of the parties. It is contended that there should have been a finding that the negligence of Brown & Root, Inc., if any, was passive, and the negligence of the United States, through its employee, Robinson, was active. Such a finding is essential to support appellant's contention that the question as to whether it is entitled to indemnity rests with a determination that Brown & Root, Inc., was guilty of passive negligence and the United States was guilty of active negligence. In support of this view, appellant cites, among other cases, Southwestern Bell Telephone Co. v. East Texas Public Service Co., 5 Cir., 48 F.2d 23; Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301; and Oats v. Dublin National Bank, 127 Tex. 2, 90 S.W.2d 824, as recognizing an exception to the common-law rule that joint tortfeasors have no right of indemnity among themselves. Those cases merely announce the proposition that where one is liable because of a breach of duty of care owed to an injured party, but was without active participation in a tort committed by another, the active wrong-doer should indemnify the one whose wrong is only passive.

It is argued on behalf of the appellee, the United States, that in determining whether a co-tortfeasor may be entitled to indemnity from another, the so-called active negligence as compared with the passive negligence test as announced and applied in the "older" Texas[2] cases has been abandoned in later cases, and the more definite and easily applied test or rule of whether the party from whom indemnity is sought has

1. The United States originally filed a motion to dismiss the suit, contending that an action for indemnity or contribution could not be brought under the Federal Tort Claims Act. From an adverse holding of the trial Court, it filed a cross-appeal. However, it now concedes that the case of United States v. Yellow Cab Company, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, controls this question and has abandoned its cross-appeal.

2. City of Weatherford Water, Light & Ice Co. v. Veit, Tex.Civ.App., 196 S.W. 986.

violated a duty which he owed to the other has been employed. Wheeler v. Glazer, supra; Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563. This latter test, as stated in Wheeler v. Glazer, supra [137 Tex. 341, 153 S.W.2d 452], is:

"Where the injury forming the basis for the judgment against the joint tort-feasors results from a violation of a duty which one of the tort-feasors owes to the other, the latter, at common law, is entitled to contribution or indemnity from the former."

In the Austin Road Company case [147 Tex. 430, 216 S.W.2d 565], supra, the Texas Supreme Court declared:

"In order to determine whether the loss should be shifted from one tort-feasor to another the proper approach is to consider the one seeking indemnity as though he were a plaintiff suing the other in tort, and then determine whether such a one as plaintiff, though guilty of a wrong against a third person, is nevertheless entitled to recover against his co-tortfeasor."

In that case the jury found that Pope was guilty of negligence in the operation of his truck and Austin Road Company was guilty of negligence in failing to maintain a watchman and that the negligence of both was a proximate cause of an injury inflicted on a third party. The Court, applying the rule quoted, affirmed the judgment of the Court of Civil Appeals, which denied indemnity to both parties. See Humble Oil & Refining Co. v. Martin, Tex.Sup., 222 S.W.2d 995; Renfro Drug Co. v. Lewis, Tex.Sup., 235 S.W.2d 609, 623.

In the present case both parties insist that whichever test is adopted for measuring the right of the insurer to receive indemnity from the United States their respective contentions of liability on the one hand, as asserted by the plaintiff, and freedom from liability on the other, as claimed by the defendant, are sustained by the facts. We sustain the contention of the defendant-appellee, and, under the facts of the case find no occasion to discuss, or attempt to reconcile, if required, the "older" and "more recent" Texas authorities. The

trial Court, upon evidence amply sufficient, found that the negligence of each, Brown & Root, Inc., and of Robinson, the driver of the Government vehicle, was a proximate cause of the accident and if there was any difference in the quality of negligence of these parties the negligence of Brown & Root, Inc., in leaving an opened excavation across a frequently traveled road at night with no lights or sufficient warning, was the more culpable. We are not disposed to disapprove this finding. Furthermore, the District Court correctly ruled that the facts of the case did not disclose that the United States violated any duty which it owed to Brown & Root, Inc. Consequently, the right to indemnity is not established under either or any view of the Texas authorities.

Appellant's claim for contribution is based upon Article 2212, R.C.S., of Texas. This statute provides for contribution where two or more defendants are cast in judgment in a suit on an action arising out of, or based on tort and such judgment has been satisfied by one of the defendants. In such cases the defendant who has satisfied the judgment has a right of action against his co-defendant, or co-defendants, and may recover from each a sum equal to the proportion of all the defendants named in the judgment rendered in the whole amount of the judgment. This statute has been construed by the Texas Courts to allow defendant to implead his co-tortfeasor in the primary suit and there seek contribution from him even though no recovery was sought against him by the injured party. Lottman v. Cuilla, Tex.Com.App., 288 S.W. 123. In Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, the Supreme Court of Texas, considering that the dominant purpose of the statute was to create a right of contribution in the class of cases therein provided for, held that it was not intended to limit the right of recovery to those cases in which the wrongdoer sought to be held liable for contribution was a party to the main suit. Appellant contends that, in view of these cases, the statute gives a substantive right of contribution and does not limit the manner in which contribution may be obtained from a co-tortfeasor. In opposition to this contention, the United States

urges that the right of contribution created by this statute is limited, even under the liberal construction which the Texas Courts have given it, to cases where a judgment has been rendered against, and paid by, one or more of the joint tortfeasors, and cannot be construed to allow a right of contribution against a co-tortfeasor not a party to the primary suit when such suit was terminated by settlement rather than by judgment.

■ No cases of the Texas Courts have been cited, nor has independent research disclosed any, that support appellant's view. The cases of William Cameron & Co., Inc., v. Thompson, Tex.Civ.App., 175 S.W.2d 307, and Westheimer Transfer & Storage Co., Inc., v. Houston Building Co., Inc., Tex.Civ.App., 198 S.W.2d 465, relied upon by appellant are not in point. Article 2212, supra, creates a right of contribution only in the event of a judgment and does not suggest that a tortfeasor may settle a claim against him before judgment and thereafter seek contribution from one whom he conceives to be equally liable.[3]

Appellant urges, however, that since the United States refused to appear in the suits in the State Courts and successfully resisted its efforts to make it a party to those actions, and since the settlements effected were "fair and reasonable", the right to contribution may be asserted under Article 2212, supra. The statute creates a right of contribution in favor of a party only when he has paid a judgment rendered against him and makes no provision for contribution in cases where a cause of action is settled without contest as to liability. While the Legislature might have made provision for contribution in such situations, none was made. In the absence thereof, and of any authoritative construction to the contrary by the Texas Courts, we must decline to so enlarge the terms of the statute

as to create a right which exists neither at common law, nor by statute.

What we have above ruled determines this appeal, and renders unnecessary any discussion of the several remaining questions which the parties, by brief and argument, have forcibly presented and supported with skillful and industrious research and citations.

The judgment of the trial Court was correct. It is, accordingly,

Affirmed.

---

3. The trial Judge, in his memorandum opinion, stated: "To permit recovery of contribution under these circumstances would extend the meaning of Article 2212 far beyond its terms and beyond the interpretation placed upon it by the Texas Courts (10 Tex.Juris 'Contribution' p. 544). I am not inclined to do further violence to the terms of the statute. If it is desirable that contribution be permitted under such circumstances, the Legislature should so provide."