**CALLIHAN INTERESTS, INC., Appellant,**

v.

**Carl E. DUFFIELD, Jr., Appellee.**

**No. 3909.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 20, 1964.

Rehearing Denied Jan. 8, 1965.

McMahon, Smart, Sprain, Wilson & Camp, Marvin S. Sprain, Abilene, for appellant.

Mays, Leonard, Moore & Dickson, George W. Leonard, Jr., Sweetwater, Whitten, Harrell & Wilcox, Abilene, for appellee.

GRISSOM, Chief Justice.

Nannie Box et al sued Callihan Interests, Inc. in Callahan County for damages to their land and water caused by Callihan's disposal of salt water in connection with its production of oil. Callihan sought leave to file a third party action against Bridwell, Fulwiler and Carl E. Duffield, Jr. who were alleged to be likewise disposing of their salt water on adjacent premises and contributing to Box's damage. The court permitted said third party action by Callihan only upon condition that its cause of action for indemnity or contribution against Duffield, Bridwell and Fulwiler be severed from the cause of action asserted by Nannie Box et al against Callihan Interests, Inc. Thereupon, Callihan filed a third party complaint bringing in Duffield et al and alleged that the sole cause of the damage to Box et al was the manner in which said third party defendants disposed of their salt water. Callihan also sought indemnity or, in the alternative, contribution from them. Duffield filed a plea of privilege to be sued in Taylor County and, by agreement, the case was transferred there.

All of said parties, except Duffield, agreed to a judgment which was rendered awarding Box et al judgment for $18,500.00 against Callihan and awarding Callihan judgment against Bridwell and Fulwiler each for $800.00 contribution with provision that said judgment should not release the cause of action asserted by Callihan against Duffield. Callihan, Bridwell and Fulwiler paid said judgment in accord with its provisions.

Duffield filed a motion for summary judgment in Callihan's third party proceeding

against him. The gist of that motion was that Callihan could not recover contribution from him because said judgment in favor of Box et al, more than $16,000.00 of which had been paid by Callihan, was an agreed judgment, not one judicially determined at the conclusion of a trial, and, therefore, under the terms of Article 2212, Callihan had no cause of action for contribution against Duffield. Duffield's motion for summary judgment was granted and judgment was rendered accordingly. Callihan has appealed.

■■ Callihan paid more than $16,000.00 on the judgment and to that extent discharged the liability, if any, of Duffield to Box. Under the common law Callihan has no cause of action against Duffield for either contribution or indemnity. The only question is whether Article 2212, as it has been construed by Texas courts, gave Callihan the cause of action it asserts. No Texas case that directly answers that question has been cited and, after diligent search, we have found none. Callihan was not permitted in the original case to pursue his claim against Duffield and he should be permitted to maintain this independent suit for contribution against Duffield if the cause of action he asserts comes within the purpose and intention of said statute. The trial court, supported by the decision in Brown & Root, Inc. v. United States, 5 Cir., 198 F.2d 138, apparently held that Callihan could not maintain the suit because it was based upon an agreed judgment and not upon a judgment arrived at by judicial determination at the conclusion of a trial. We think this is not in accord with the interpretation of the statute by the Texas Courts which is to the effect that the purpose of the statute was to create a cause of action for contribution and not to prescribe the procedure by which it is to be obtained. The statute created a cause of action for the benefit of one tort-feasor who, by paying a judgment, discharged the liability of his joint tort-feasor. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 776; Gattegno v. The Parisian (Com.App.) 53 S.W.2d 1005, 1007

and 1008; Gulf, Colorado & Santa Fe Railway Co. v. Bliss, (Sup.Ct.), 368 S.W.2d 594. To hold that Callihan lost its right to contribution because it agreed to the judgment, under circumstances where it was impossible for it to have the liability of Duffield determined, would be contrary to the policy of the law to encourage settlement of cases. Callihan's asserted cause of action against Duffield is not based strictly upon the judgment, which did not bind Duffield, but upon the fact that Callihan by paying the judgment against it discharged more than its just share of its and Duffield's alleged joint liability to Box. Huggins v. Johnston, 120 Tex. 21, 35 S.W.2d 688, 689. By the literal terms of Article 2212 the right to contribution is granted to one joint tort-feasor against another only when a plaintiff has recovered judgment jointly against both and one has paid the judgment. Notwithstanding its limited terms, our courts have held that the purpose of the statute was to place the burden equally upon joint tort-feasors; that it was enacted to prevent inequities between joint tort-feasors; that a defendant tort-feasor may bring in other wrongdoers not sued by the plaintiff; that a joint judgment against tort-feasors is not required as a prerequisite to recovery of contribution by one against another and that the "dominant purpose" of Article 2212 is to "create the right of contribution". Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 776; Gattegno v. The Parisian (Com.App.) 53 S.W.2d 1005; Lottman v. Cuilla, (Com. App.), 288 S.W. 123, 126; Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449. We think it was the purpose of the Legislature to create a cause of action for the benefit of one tort-feasor who by paying a judgment discharges more than his just share of the joint liability of himself and another joint tort-feasor to the injured party. We think Callihan should be permitted to attempt to establish such facts and, if successful, recover the part of Duffield's liability to Box, if any, which it has thus discharged.

Although certainly not altogether analogous, the reasoning in Glasscock v. Hamil-

ton, 62 Tex. 143, 151, indicates the answer suggested above. There the court said:

"It does not furnish a defense against contribution by a surety that his co-surety has paid a judgment against himself to which the surety against whom contribution is sought was not a party. In such case it has been held that the judgment is competent evidence to show the amount of the payment made by the plaintiff, and the circumstances under which it was made, but not for the purpose of proving the liability. Brandt on Suretyship, sec. 246, citing Fletcher v. Jackson, 23 Vt., 581.

"A surety may pay without suit and demand contribution under proper circumstances; a fortiori he may pay what is justly due, and exact contribution where judgment has been rendered against him therefor, irrespective of whether his co-sureties are parties to the suit. The law requires no one to wait for a suit, if he has no defense. 1 Parsons' Con., 32. The essential equity of the surety asking contribution consists in the fact that he has paid so much of a debt for which he and his co-surety were bound that was just and enforceable at law against them both. In an action for contribution between co-sureties, the record of a judgment recovered by the creditor against the principal and one of the sureties, to which the other surety is not a party, is competent evidence to prove the rendition of such judgment, by way of inducement to evidence that the surety against whom it was rendered has paid it. Brandt on Suretyship, sec. 529; Preslar v. Stallworth, 37 Ala., 402.

"The rule of law applicable to the subject is that, as soon as the debt becomes due, any one of several co-sureties may, without suit or compulsion on him of any kind, at once pay the debt and recover contribution from his co-sureties. All the co-sureties are equally liable for the whole debt, and a payment of the debt by one of them after it is due and without compulsion is in no sense a voluntary payment * * *"

See also 8 A.L.R.2d 196 and A.L.R.2d Supplement Service 1962 page 133; 26 Texas Law Review 150, 168; Gulf, Colorado & Santa Fe Railway Co. v. Bliss, (Sup. Ct.), 368 S.W.2d 594, 599.

In the same kind of a case as the original suit by Box et al v. Callihan our Supreme Court has held that where the acts of two or more joint tort-feasors join to produce an indivisible injury, which from its nature cannot be apportioned with reasonable certainty to individual wrongdoers, all of the wrongdoers are jointly and severally liable to the injured party for his entire damages and the injured party may proceed to judgment against any one or all of the joint tort-feasors. Landers v. East Texas Salt Water Disposal Company, 151 Tex. 251, 248 S.W.2d 731. See also Riley v. Industrial Finance Service Company, 157 Tex. 306, 302 S.W.2d 652; Gammage v. Weinberg, Tex.Civ.App., 355 S.W.2d 788, (Ref.N.R.E.); Burns v. Lamb, Tex.Civ.App., 312 S.W.2d 730, (Ref.N.R.E.) and Dement v. Olin-Mathieson Chemical Corp., 5 Cir., 282 F.2d 76, 82.

If Box had a cause of action against both Callihan and Duffield upon which he could have recovered judgment (without proof of the amount each damaged him) for his entire damage against either or both and Callihan, by paying said agreed judgment, has discharged the liability of Duffield to Box, and the purpose of Article 2212 was to create a cause of action for the benefit of one of two joint tort-feasors who has thus discharged more than his share of their joint liability to the injured party, Callihan is entitled to recover the share of Duffield's liability to Box, if any, which it has discharged. See Merchants' National Bank v. McAnulty, 89 Tex. 124, 33 S.W. 963; Austin Road Co. v. Pope, 147 Tex.

430, 216 S.W.2d 563; The City of Houston v. Watson, Tex.Civ.App., 376 S.W.2d 23, 33, (Ref.N.R.E.).

The judgment is reversed and the cause is remanded.