**LOWER NECHES VALLEY AUTHORITY,**
**Appellant,**

**v.**

**CITY OF BEAUMONT et al., Appellees.**

**No. 6767.**

Court of Civil Appeals of Texas.

Beaumont.

June 3, 1965.

Rehearing Denied July 7, 1965.

Keith, Mehaffy & Weber, Beaumont, for appellant.

King, Sharfstein & Rienstra, George T. Camp, Beaumont, for appellees.

PARKER, Justice.

Kenneth H. Cox and some eighty other home owners filed suit for damages against Lower Neches Valley Authority alleging that various negligent acts and omissions of Lower Neches Valley Authority had resulted in extensive flood damage to their homes. The only defendant to their suit was Lower Neches Valley Authority. The latter availed itself of Rule 38, Texas Rules of Civil Procedure, and joined as cross-defendants therein the City of Beaumont, Texas, and J. K. Hurley and Cecil Bordages, from whom Lower Neches Valley Authority sought contribution at law. Lower Neches Valley Authority undertook settlement negotiations with Kenneth H. Cox and the other original plaintiffs resulting in Lower Neches Valley Authority, on its sole responsibility, voluntarily paying such original plaintiffs $95,766.84. After such payment, Lower Neches Valley Authority amended its pleadings against the City of Beaumont, J. K. Hurley and Cecil Bordages seeking contribution from them under Article 2212, Vernon's Ann.Rev.Civ.St.Tex., and not otherwise, for the voluntary payments made by Lower Neches Valley Authority to Kenneth H. Cox and the other original plaintiffs. The trial court sustained appellees, namely, the City of Beaumont, J. K. Hurley and Cecil Bordages—exceptions to the amended cross-action of Lower Neches Valley Authority. Lower Neches Valley Authority refused to amend, whereupon the trial court dismissed its suit for contribution. Kenneth H. Cox, et al., will be called the "original plaintiffs". The Lower Neches Valley Authority will be called "LNVA." or appellant. The City of Beaumont, J. K. Hurley and Cecil Bordages will be called appellees or by name.

In its pleadings, LNVA alleges:

"The plaintiffs sought by this lawsuit more than Four Hundred Thousand Dollars ($400,000.00). Surveying all of this, LNVA undertook settlement negotiations with counsel for the plaintiffs in this case, and invited counsel for the City to participate therein, but City's counsel refused so to participate. At the conclusion thereof LNVA entered into an agreement with each of the several plaintiffs herein for a total consideration of Ninety Five Thousand Seven Hundred Sixty Six and 84/100 Dollars ($95,766.84). Each of the agreements between LNVA and the plaintiffs is not attached hereto. However, Exhibit B is a copy of one of such agreements, which with the exception of the name of the parties and the amount of money is in all things identical to each of the other agreements between LNVA and the plaintiffs in this case. The sum of Ninety Five Thousand Seven Hundred Sixty Six and 84/100 Dollars ($95,766.84) has been paid by LNVA to the plaintiffs in accordance with the agreement."

Exhibit "B" simply sets forth a settlement agreement for such total sum of money in exchange for a covenant not to sue LNVA

or further prosecute any suit against it executed by each of the original plaintiffs. Further, in entering into such covenant not to sue each original plaintiff recognized that LNVA did not admit that it was guilty of any act, wrong or omission proximately causing any injuries or damages to original plaintiffs and that such settlement agreement should never be construed as an admission of liability by LNVA.

LNVA did not allege and did not admit that it was legally liable unto the original plaintiffs. LNVA did not admit in its pleadings that it was a tort feasor within the meaning of Article 2212. LNVA does not allege that its liability has been adjudicated. The voluntary settlement made with the original plaintiffs by LNVA did not discharge the liability of appellees to the original plaintiffs. LNVA alleged that it paid a definite amount of money to the original plaintiffs but it in no place alleges that it paid to the original plaintiffs more or less than its share or proportion of the damages sustained by original plaintiffs.

Appellant's points of error 1–5 asserted error on the part of the trial court in sustaining appellees' special exceptions to such cross-action of LNVA as a whole because:

(a) LNVA fails to allege and admit that it was legally liable unto the original plaintiffs and fails to allege and admit that it was a tort feasor within the meaning and purview of Article 2212 jointly and severally liable with other alleged tort feasors unto the plaintiff.

(b) LNVA fails to allege that it paid to the original plaintiffs more than its share or proportion of the damages sustained by said plaintiffs.

(c) LNVA fails to allege that it was legally adjudicated to be liable unto the original plaintiffs and thereby compelled to pay certain amounts unto said original plaintiffs.

(d) It is apparent therefrom that the amounts paid by LNVA to the original plaintiffs were by way of settlements voluntarily agreed to by LNVA and the provisions of Article 2212 do not provide for or encompass a recovery by LNVA against other alleged tort feasors for amounts expended in settlement of a controversy, but said article is applicable only where a judgment is rendered against LNVA and it was thereby compelled to discharge the full amount of said judgment.

(e) It is apparent from the allegations therein and the exhibits attached thereto that the settlement made by LNVA with the original plaintiffs did not discharge and release the liability, if any, of your cross-defendant to the original plaintiffs, and consequently your cross-defendant could still be liable unto said original plaintiffs inasmuch as LNVA obtained only from the original plaintiffs a so-called covenant not to sue LNVA and did not obtain or secure from the original plaintiffs a release of all alleged joint tort feasors who might be liable unto the plaintiffs.

Kenneth H. Cox and the other original plaintiffs obtained no judgment against LNVA prior to being paid by LNVA. An able discussion of Article 2212, when its application to a voluntary settlement is involved, is to be found in Brown & Root v. United States, 92 F.Supp. 257, opinion by Judge Ben Connally of June 26, 1950, affirmed by the Fifth Circuit June 27, 1952, 198 F.2d 138. Referring to Article 2212, R.C.S.T., Judge Connally on page 263 of his opinion analyzed such statute as the Texas courts have construed it in the following language:

" * * * In such case, where all defendants were before the court, and each had equal right to defend, the one defendant who, through the option or capricious choice of the plaintiff, was compelled to pay, might recover his

pro rata share of the loss from each of the remaining solvent defendants. But the cases have extended the doctrine beyond the words of the statute. If the plaintiff sues only one defendant, such defendant may implead the others. Lottman v. Cuilla, Tex.Com.App., 228 S.W. 123. The Texas Supreme Court has gone further, and stated that the second defendant need not be a party to the original suit. The defendant who is held in judgment there may, *in a separate action,* pursue and recover contribution from his joint wrongdoer. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774. Thus, had there been a *judgment* rendered against Brown & Root, Inc. after a contested trial, that defendant might in this independent action seek contribution from the Government under the terms of the Texas statute. But such was not the case. In each instance after the three cases were filed in the State Court, a voluntary settlement agreement was entered. Neither the liability of Brown & Root, Inc. nor the damages sustained by the various plaintiffs was determined by any Court. Brown & Root, Inc. simply purchased its peace. Article 2212 makes no provision for recovery by one *alleged* to be liable to the plaintiff against his alleged joint tort-feasor under such circumstances. Cases cited above show such recovery is not recognized on common law principles. To permit recovery of contribution under these circumstances would extend the meaning of Article 2212 far beyond its terms and beyond the interpretation placed upon it by the Texas Courts, 10 Tex.Juris., Contribution, p. 544. I am not inclined to do further violence to the terms of the statute. If it is desirable that contribution be permitted under such circumstances, the Legislature should so provide. Baylor University v. Bradshaw, Tex. Civ.App., 52 S.W.2d 1094 at page 1103, affirmed, Tex.Com.App., 84 S.W.2d 703. (Emphasis added.)"

Appellant's points of error 1–5 are each and all overruled.

Having overruled appellant's points of error 1–5, appellant's points of error Nos. 6, 7 and 8 become immaterial to a disposition of this case and are not passed on.

Judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

In its Motion for Rehearing appellant urges: "The holding of this court conflicts with the decision of the Eleventh Court of Civil Appeals in Callihan Interests, Inc. v. Duffield, 385 S.W.2d 586 (1965)." The Supreme Court refused writ of error.

In Callihan Interests, Inc. v. Duffield, supra, the original plaintiffs, Box et al., recovered from Callihan Interests, Inc., in the District Court of Callahan County the sum of $18,500.00. Contemporaneously with the entry of such judgment such sum was paid to the original plaintiffs. Such sum was paid under the judgment. In the instant case the original plaintiffs by judgment did not recover any damages in any amount from LNVA, and were not paid any amount under such judgment which adjudicated "that the plaintiffs herein, and each of them shall have and recover nothing of and from Lower Neches Valley Authority."

In Callihan Interests, Inc. v. Duffield, supra, the judgment for $18,500.00 was for all damages incurred by original plaintiffs with Callihan Interests, Inc., recovering from and being paid by way of contribution by two of the third party defendants, namely Bridwell Oil Company and W. J. Fulwiler, Jr., the sum of $800.00 each. This was not true in the instant case. The covenants not to sue LNVA only made by the original plaintiffs herein, Cox et al., and under which they were voluntarily paid by LNVA outside of court and prior to any judgment in no manner discharged the liability, if any, of appellees herein to original plaintiffs.

In Callihan Interests, Inc. v. Duffield, supra, the judgment of the District Court of Callahan County was for "$18,500.00 against Callihan and awarding Callihan judgment against Bridwell and Fulwiler each for $800.00 contribution with provision that judgment should not release the cause of action asserted by Callihan against Duffield. * * *" Duffield was not before that court because he had filed a plea of privilege to be sued in Taylor County, and, by agreement, the third party complaint of Callihan as to Duffield only was transferred to Taylor County. Duffield filed a motion for summary judgment in Callihan's third party proceeding against him in the District Court of Taylor County subsequent to the judgment in Callahan County for Box et al. v. Callihan Interest, Inc., above discussed. Callihan was not permitted to pursue his action for contribution against Duffield in the District Court of Callahan County. No such situation is present in the instant case.

Further, in the instant case LNVA by its pleading makes no showing that by its voluntary settlement it paid more than its fair share of the damages sustained by original plaintiffs, Cox et al. By the covenants not to sue executed by LNVA and the original plaintiffs LNVA expressly stated it did not admit any liability to them. In Callihan v. Duffield, supra, the judgment discharged all liability of all joint tortfeasors to the original plaintiffs, Box et al.

We find no conflict between the decision of the Eleventh Court of Civil Appeals in Callihan Interests, Inc. v. Duffield, supra, and our opinion herein. In the Callihan Interests, Inc. v. Duffield, supra, the court held: "The statute created a cause of action for the benefit of one tort-feasor who, by paying a judgment, discharged the liability of his joint tort-feasor." In that case one tort-feasor did pay a judgment discharging the liability of his joint tort-feasors. In the present case LNVA did not pay a judgment discharging the liability of appellees.

Appellants' Motion for Rehearing is overruled. The judgment of the trial court remains affirmed.

We have styled the case as in the heading, but it is one and the same case appealed from the District Court of Jefferson County, Texas, under the style on the Transcript as No. D–73972, Lower Neches Valley Authority et al. v. Kenneth H. Cox.