**IOWA MANUFACTURING COMPANY, Appellant,**

**v.**

**WEISMAN EQUIPMENT COMPANY, Appellee.**

**No. 13595.**

Court of Appeals of Texas, Austin.

Dec. 21, 1983.

Rehearing Denied March 7, 1984.

G. Michael Lawrence, Graves, Dougherty, Hearon & Moody, Austin, for appellant.

William D. Pargaman, Brown, Maroney, Rose, Baker & Barber, Austin, for appellee.

Before SHANNON, EARL E. SMITH and BRADY, JJ.

BRADY, Justice.

This is an appeal from an order of dismissal by the trial court of a cross-action by appellant, Iowa Manufacturing Company (IMCO), against appellee Weisman Equipment Company (Weisman). Both IMCO and Weisman were co-defendants in a products liability suit brought by Gloria Hernandez and others for the wrongful death of her husband when he either jumped or was thrown from an asphalt paver manufactured by IMCO and owned and leased by Weisman to decedent's employer. IMCO, by cross-action, sought indemnity or contribution from Weisman.

Prior to trial, Hernandez entered into a settlement agreement with IMCO which discharged all of the plaintiff's claims and expressly released both appellant and appellee from liability to the plaintiffs. Weisman took no part in this agreement. As part of the settlement, IMCO expressly denied any liability to the plaintiffs. An agreed judgment, in which Weisman also did not participate, was thereafter signed by the trial court consistent with the settlement agreement in that, among other things, IMCO did not admit liability to the original plaintiffs. As part of the agreed

settlement, IMCO's cross-action for contribution against Weisman was severed and preserved. Appellant fully satisfied the agreed judgment. Following the entry of the agreed judgment, Weisman filed with the court its amended answer which included a special exception to IMCO's contribution claim on the ground that IMCO failed to specifically plead that it was a tortfeasor and legally liable to the plaintiffs. Weisman also specially excepted to IMCO's failure to allege that the agreed judgment discharged Weisman's liability to the plaintiffs. After a hearing, the trial court sustained the special exception relating to IMCO's failure to plead its own fault. Following IMCO's announcement in open court that it refused to amend its cross-action, the trial court dismissed the cross-action.

Appellant IMCO's sole point of error is that the trial court erred in requiring it to plead its own legal fault to sustain its contribution action against appellee, Weisman, and that the entry of the agreed judgment was sufficient to support recovery of contribution without pleading or admitting fault. We agree and reverse the judgment of the trial court and remand this cause for trial on the merits of IMCO's cross-action against appellee Weisman for contribution.

The controlling issue in this case is whether Tex.Rev.Civ.Stat.Ann. art. 2212 (1971) requires a defendant, who compromises a law suit by an agreed order without admitting or litigating fault, to plead its own fault in a subsequent contribution action against another defendant.

■ There is no common law right to contribution among joint tortfeasors in Texas. *Lottman v. Cuilla,* 288 S.W. 123 (Tex.Comm.App.1923, jdgmt adopted); *Bradshaw v. Baylor University,* 52 S.W.2d 1094 (Tex.Civ.App.1932), *aff'd,* 126 Tex. 99, 84 S.W.2d 703 (1935). Because of the inequities caused by this harsh common law rule, the legislature in 1917 passed Tex. Rev.Civ.Stat.Ann. art. 2212 (1971) which imposed a duty on a tortfeasor to make contribution in certain circumstances. *Austin Road Co. v. Pope,* 147 Tex. 430, 216 S.W.2d 563 (1949); *Gattegno v. The Parisian,* 53 S.W.2d 1005 (Tex.Comm.App.1932, holding approved). Texas Rev.Civ.Stat. Ann. art. 2212 (1971) provides:

> Any person against whom, with one or more others, a judgment is rendered in any suit on an action arising out of, or based on tort, except in cases wherein the right of contribution or of indemnity, or of recovery, over, by and between the defendants is given by statute or exists under the common law, shall, upon payment of said judgment, have a right of action against his co-defendant or co-defendants and may recover from each a sum equal to the proportion of all of the defendants named in said judgment rendered to the whole amount of said judgment. If any of said persons co-defendant be insolvent, then recovery may be had in proportion as such defendant or defendants are not insolvent; and the right of recovery over against such insolvent defendant or defendants in judgment shall exist in favor of each defendant in judgment in proportion as he has been caused to pay by reason of such insolvency.

Presently, art. 2212 applies only to non-negligence tort cases, since the passage of Tex.Rev.Civ.Stat.Ann. art. 2212(a) (Supp. 1982). *General Motors Corp. v. Simmons,* 558 S.W.2d 855 (Tex.1977).

IMCO makes essentially two arguments for reversal. Its main argument is that under "the broad construction afforded article 2212 by Texas courts" it is unnecessary to have a finding of the contribution claimant's liability to the original plaintiffs in the agreed judgment or to have to plead and prove its own liability or otherwise admit liability prior to the recovery of contribution in a separate action. IMCO's second argument is that requiring it to plead

and prove or otherwise admit its own liability is contrary to the express statutory language of art. 2212 because the statute only requires that the contribution claimant be a judgment debtor. IMCO also asserts that requiring a contribution claimant to plead and prove or admit to its own liability is unfair and would discourage settlements. In other words, IMCO's position is, that after an agreed judgment or order of dismissal is entered against the contribution claimant by the trial court, the contribution claimant only needs to show that it paid more than its fair share of the injured party's damages and that the person for whom contribution is sought was liable to the injured party.

The language of art. 2212 requires only that a contribution claimant have a judgment rendered against him. Our courts in Texas have construed this provision liberally. *Callihan Interests, Inc. v. Duffield,* 385 S.W.2d 586 (Tex.Civ.App. 1964, writ ref'd). The only question before the court in *Callihan* was whether art. 2212 required a judicial determination as opposed to an agreed judgment. The court held that Callihan could maintain an action for contribution against another tortfeasor who was not a party to the judgment even though the judgment was an agreed judgment (as here) and not one judicially determined after a trial. The court based its holding on the policy of the law to encourage settlements. Although the court in *Callihan* used the term "tortfeasor" to describe the parties, it did not imply that it would be necessary for a party to plead its own liability when suit was had for contribution after Callihan alleged it paid more than its fair share of its and Duffield's liability. The only real issue was whether the parties were judgment debtors as required by art. 2212.

*Lubbock Mfg. Co. v. International Harvester Co.,* 584 S.W.2d 908 (Tex.Civ.App. 1979, writ ref'd n.r.e.) is instructive in resolving the issues before this Court. In *Lubbock,* the court denied the contribution claim because the final judgment did not extinguish any potential liability of International Harvester to the original plaintiffs. There the court set out three prerequisites to the application of art. 2212:

(1) a tortfeasor must discharge the liability to plaintiff of the other tortfeasor;

(2) a tortfeasor must be established as a judgment debtor through the rendition of a contested or agreed judgment; and

(3) a tortfeasor receives a contribution only if he has paid a disproportionate share of the plaintiffs' damages.

There was no requirement that the contribution claimant be a joint-tortfeasor, and the court stated simply:

> [a] tortfeasor must be established as a judgment debtor through the rendition of a contested or agreed judgment.

*Id.* at 911.

Appellee relies on the holding of *Lower Neches Valley Authority v. City of Beaumont,* 392 S.W.2d 733 (Tex.Civ.App.1965, writ ref'd n.r.e.), that denial of liability was based on the contribution claimant's failure to plead and prove his own liability. Although the opinion does state that LNVA did not allege or admit it was liable, the opinion also states (1) that the settlement did not discharge the liability of appellees to the original plaintiffs, (2) that the contribution claimant did not prove that it paid more than its proportionate share of the damages, and (3) that the plaintiffs obtained no judgment against LNVA prior to payment. The Court's mention of the liability issue is only incidental to the principal point that LNVA had not discharged the liability of those from whom they sought contribution.

A holding that IMCO has to plead and prove its own fault or otherwise admit its liability to the injured party is inconsistent with logic and the policy of the law to encourage settlements. The precise question presented in this case has not often been raised because in most cases the contribution parties were adjudged liable to the injured person.

Appellee Weisman argues that the settlement agreement, which was part of the

final judgment, does not in fact release appellee. The provisions of the agreement and final judgment regarding appellee are:

> Plaintiffs further recognize and agree that the amount of money to be paid by IMCO under the settlement is fair and just and is sufficient to discharge all liability that any person, firm or organization, *including Weisman,* may or might have to Plaintiffs as a result of the incident made the basis of this suit. (Emphasis added)

Appellee says this language does not release it, that there is no language specifically stating that appellee Weisman is released and discharged. Appellee concludes that the cause of action of the original plaintiffs has not been extinguished, and may again be asserted against appellee.

Further, appellee argues that the language of the settlement agreement entered into between appellant and plaintiff, transferring and assigning plaintiffs' claim against appellee to IMCO "to the extent, and only to the extent that such transfer is necessary to protect and preserve IMCO's right to proceed against Weisman for indemnity or contribution," can be construed only that it does not operate to transfer any of the plaintiffs' claims against Weisman to IMCO, or that plaintiffs have transferred only part of their rights to IMCO, retaining others, speculating that plaintiffs could possibly be in position to assert other claims against Weisman. Appellee concludes therefore that some or all of the plaintiffs' claims against Weisman remain outstanding and have not been discharged. We reject these arguments.

The agreed judgment incorporating the settlement agreement concludes that "all other relief not specifically granted herein is denied." Such language in the final judgment of the trial court precludes any further litigation as between the original plaintiffs and appellee Weisman based on the liability alleged in this cause. We hold that the settlement agreement and the final agreed judgment does release both IMCO and Weisman against any further claims or causes of action made the basis of plaintiffs' suit.

Accordingly, the judgment of the trial court in dismissing this cause is reversed, reinstated, and remanded for trial on the merits.

## OPINION ON MOTION FOR REHEARING

Since appellee's motion for rehearing was filed, the Texas Supreme Court decided *Bonniwell, et al. v. Beech Aircraft Corp.,* 663 S.W.2d 816, 27 Tex.Sup.Ct.J. 140 (1984) (on motion for rehearing). The Supreme Court in *Bonniwell* held that "[n]either article 2212 nor article 2212a provides any right of contribution to a joint tortfeasor who has settled the plaintiff's claim." While this is now the law, it has no bearing on the present case where IMCO, the contribution claimant, is a judgment debtor and not a party who has merely settled a lawsuit.

"To come within the ambit of article 2212 ... a tortfeasor must be established as a judgment debtor through the rendition of a contested or agreed judgment." *Lubbock Mfg. Co. v. International Harvester Co.,* 584 S.W.2d 908, 911 (Tex.Civ.App.1979, writ ref'd n.r.e.). By entering into the agreed judgment with Gloria Hernandez, the plaintiff in the original suit, IMCO is now a judgment debtor as contemplated by article 2212. The contribution claimant in *Bonniwell* was not a judgment debtor for her settlement was not reduced to judgment.

Any dispute over whether an agreed judgment is sufficient to satisfy the judgment debtor requirement of article 2212 is well settled by the courts. That precise issue was addressed by the Eastland Court of Civil Appeals in *Callihan Interests, Inc. v. Duffield,* 385 S.W.2d 586 (Tex.Civ.App. 1964, writ ref'd). The Court held that Callihan could maintain an action for contribution against another tortfeasor who was not a party to the judgment, even though the judgment was an agreed judgment and not one judicially determined after trial.

*See Travelers Insurance Co. v. United States,* 283 F.Supp. 14 (S.D.Tex.1968).

Article 2212 requires a legally enforceable judgment; a mere settlement agreement which was not reduced to judgment form would not satisfy the prerequisites to recovery under article 2212. While this difference may *seem* overly technical, the rationale behind the requirement of a judgment, as opposed to simply a settlement, is sound. The Court in *Bonniwell* simply reaffirmed this principle; it did not abrogate rules established in *Callihan* and *Travelers, supra.*

Appellee's motion for rehearing is overruled.