**BEECH AIRCRAFT CORPORATION, et al., Appellants,**

v.

**Dr. Wiley J. JINKINS, III, Appellee.**

**No. 01–85–0183–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 26, 1985.

Rehearing Denied Oct. 24, 1985.

---

Roger A. Rider, Mayor, Day & Caldwell, Patricia J. Kerrigan, Fulbright & Jaworski, Houston, for appellants.

William L. Maynard, Susan B. Baker, Gilpin, Maynard, Parsons, Pohl & Bennett, Houston, for appellee.

Before EVANS, C.J., and SAM BASS and HOYT, JJ.

## OPINION

HOYT, Justice.

This is an appeal from a take-nothing summary judgment in a products liability case. The sole question presented by this appeal is whether a settling defendant may, prior to any determination of causation, be denied contribution, as a matter of law, from a non-settling defendant alleged

to be a joint tortfeasor. We affirm the judgment.

## FACTS

Doctors Jinkins and Weiner were injured in the crash of a Beechcraft aircraft in April 1982. Jinkins was the owner and pilot of the plane and Weiner was a passenger. Jinkins had experienced a number of problems with the engine and demanded that the defendants, manufacturer (Teledyne) and supplier (Beech Aircraft), provide a new engine. Although Houston Beech installed a new engine, the plane crashed on take-off as a result of engine failure.

Jinkins and Weiner filed separate lawsuits (later consolidated under one cause number) against all defendants alleging identical theories of negligence and strict products liability. Weiner and the defendants then entered into a settlement agreement which released the defendants and Jinkins from further liability to Weiner. Following the release, a non-suit order of dismissal with prejudice was entered between Weiner and the defendants, but it failed to mention the terms of the agreement. The defendants filed counterclaims against Jinkins seeking contribution and/or indemnity based on the settlement with Weiner. Jinkins responded by filing a motion for summary judgment which the trial court granted. After the trial court granted the summary judgment, it severed Jinkins' original suit from the defendants' counterclaim so that the summary judgment became final and appealable.

In support of the trial court's judgment, Jinkins contends that the defendants have no common-law or statutory right of contribution or indemnity. He further contends that the settlement agreement which released the defendants from liability to Weiner extinguished any right to contribution that they may have had against him. The defendants contend that they are enti-tled to both statutory and common-law contribution, that they were judgment debtors, and that their rights to contribution could not effectively be decided until a jury had passed on the causation issues.

## I. COMMON–LAW INDEMNITY

■ The terms "'contribution' and 'indemnity' have not always been exactly used or precisely distinguished. Indemnity is defined as the payment of all of plaintiff's damages by one tortfeasor to another tortfeasor who had paid it to the plaintiff." [1] Unlike contribution, indemnity has depended on the evolution of the common-law concept of implied contract rather than on legislative prerogative. [2] Courts have applied the concept of indemnification where they have found a breach, through an "imaginary lawsuit," of an implied contract. *Austin Road Co. v. Pope*, 147 Tex. 430, 216 S.W.2d 563, 565 (1949). Common-law indemnity has been abolished in suits between *negligent* joint tortfeasors, and also in actions between *strictly liable* joint tortfeasors. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819 (Tex.1984); *Cypress Creek Utility Service Co. v. Muller*, 640 S.W.2d 860, 864 (Tex.1982); *B & B Auto Supply, Sand Pit, & Trucking Co. v. Central Freight Lines, Inc.*, 603 S.W.2d 814, 816–17 (Tex.1980). It is questionable whether common-law indemnity is still available in a case which involves both negligence and strict liability, but even if there is a viable basis for relief, the pleadings and evidence must establish that one tortfeasor breached a duty to both the injured party and the co-tortfeasor. *Austin*, 216 S.W.2d at 565.

The record of pleadings by the defendants did not allege that Jinkins owed a duty to Weiner and to them, and they do not contend that they were denied the right to present such a claim in the summary judg-

---

1. Hodges, *Contribution and Indemnity Among Tortfeasors*, 26 Tex.L.Rev. 150, 151 (1947) (includes an early discussion on contribution and indemnity).

2. For a discussion of the statutory limitations placed on common-law indemnity, see Sales, *Contribution and Indemnity Between Negligent, and Strictly Liable Tortfeasors*, 12 St. Mary's L.J. 323, 326–331 (1980).

ment proceedings. Therefore, common-law indemnity is not an issue in this case.

## II. STATUTORY CONTRIBUTION (ARTICLES 2212 AND 2212a)

Except where authorized by statute, contribution between joint tortfeasors in tort cases has not been allowed. The "no contribution" rule had its roots in the concept that all torts are intentional and that two persons must act in concert to bring about a circumstance of joint liability. *Austin*, 216 S.W.2d at 565. Two legislative enactments created exceptions to the "no contribution" rule. The first of the two statutory enactments, Tex.Rev.Civ.Stat.Ann. art. 2212 (Vernon 1971), enacted in 1917, provides in pertinent part that:

[a]ny person against whom, with one or more others, a judgment is rendered in any suit ... based on tort ... shall ... have a right of action against his co-defendant or co-defendants and may recover from each a sum equal to the proportion of all of the defendants named in said judgment rendered to the whole amount of said judgment.

Article 2212 established a cause of action for contribution, and recovery was based on a "pro rata" allocation of liability determined by the number of defendants ultimately found liable. *Callihan Interests, Inc. v. Duffield*, 385 S.W.2d 586, 587 (Tex. Civ.App.—Eastland 1964, writ ref'd). The enactment of art. 2212 evidenced the legislature's recognition that two people not acting in concert may cause a tort and in which event some relief, other than indemnity, should be available to the tortfeasor who is no more culpable than his co-tortfeasor. Under this statute a tortfeasor could, following a judgment against him, commence a suit for pro rata allocation of liability and seek recovery on that basis. This statute signaled the beginning of a state policy toward a more equitable allocation of liability between joint tortfeasors. *See Wheeler v. Glazer*, 137 Tex. 341, 153 S.W.2d 449, 452 (1941).

■ While art. 2212 created a cause of action for contribution it did not prescribe the procedure by which it was to be accomplished. *Callihan*, 385 S.W.2d at 587. The procedure was, and is, that the party seeking contribution must assert that a final judgment has been entered, that he has paid the injured party, and that he has secured a release which satisfies the liability of the alleged tortfeasor(s) against whom contribution is sought. *Traveler's Insurance Co. v. United States*, 283 F.Supp. 14 (S.D.Tex.1968). A dismissal with prejudice incorporating or referring to the terms of a settlement has been held sufficient to satisfy the statute. *Callihan*, 385 S.W.2d at 587. A judgment against a settling party under this statute, however, does not bind alleged tortfeasors not parties to the judgment, thereby necessitating a second cause of action between joint tortfeasors for contribution. *Traveler's*, 283 F.Supp. at 31.

■ Article 2212 has been held applicable in a case which involves issues of both negligence and strict liability. *General Motors Corp. v. Simmons*, 558 S.W.2d 855, 862 (Tex.1977); *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764 (Tex.1964). Pro rata allocation of loss among negligent plaintiffs and defendants and strictly liable defendants, as in *Simmons*, would impede development of a rational and fair system of loss allocation. Therefore, it does not apply when strict products liability, including uncrashworthiness and breach of warranty, is established. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 427 (Tex. 1984). Pro rata contribution recognized multiple tortfeasors, but did not provide a vehicle for equitable distribution of liability.

Another entry in the "no contribution" arena came in 1973 when the second statute affecting contribution and indemnity was enacted. Article 2212a provides in pertinent part:

Section 1. Contributory negligence shall not bar recovery in an action by any person or party or the legal representative of any person or party to recover damages for negligence resulting in death or injury to persons or property if

such negligence is not greater than the negligence of the person or party or persons or parties against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person or party recovering.

. . . .

[Section 2.] (b) In a case in which there is more than one defendant, and the claimant's negligence does not exceed the total negligence of all defendants, contribution to the damages awarded to the claimant shall be in proportion to the percentage of negligence attributable to each defendant.

(c) Each defendant is jointly and severally liable for the entire amount of the judgment awarded the claimant, except that a defendant whose negligence is less than that of the claimant is liable to the claimant only for that portion of the judgment which represents the percentage of negligence attributable to him.

(d) If an alleged joint tortfeasor pays an amount to a claimant in settlement, but is never joined as a party defendant, or having been joined, is dismissed or nonsuited after settlement with the claimant (for which reason the existence and amount of his negligence are not submitted to the jury), each defendant is entitled to deduct from the amount for which he is liable to the claimant a percentage of the amount of the settlement based on the relationship the defendant's own negligence bears to the total negligence of all defendants.

Tex.Rev.Civ.Stat.Ann. art. 2212a, secs. 1, 2 (Vernon Supp.1985).

■ Article 2212a governs cases where no findings of defect have been obtained against a product supplier who was joined with a negligent defendant. *Duncan*, 665 S.W.2d at 427. Because art. 2212a does not conflict with art. 2212 in this regard, its enactment did not alter the three basic elements of proof necessary in a contribution claim. *Singleton v. New York Underwriters Insurance Co.*, 739 F.2d 198, 200 (5th Cir.1984). Therefore, a party claiming

contribution under art. 2212a is required to allege and prove that (1) he discharged the liability to plaintiff of the person from whom he seeks contribution, (2) he is a judgment debtor, and (3) he paid a disproportionate share of the plaintiff's damages in light of the joint tortfeasor's liability. *Lubbock Mfg. Co. v. International Harvester Co.*, 584 S.W.2d 908, 911 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e).

■ Article 2212a added a fourth requirement to those in art. 2212. Under section 2(g) "all claims for contribution between named defendants in the primary suit shall be determined in the primary suit, except that a named defendant may proceed against a person not a party to the primary suit who has not effected a settlement with the claimant." As a result, the claims for contribution between named defendants must be determined in the primary suit or be waived. These claims are treated as compulsory counterclaims, cross-claims, or third-party actions under Tex.R. Civ.P. 97, and separate trials of such claims are to be avoided. *Arthur Brothers v. U.M.C., Inc.*, 647 S.W.2d 244, 246 (Tex. 1982); *Gonzales v. Blake*, 605 S.W.2d 634, 637 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Allocation of damages among tortfeasors is no longer determined by the number of tortfeasors found liable, but by comparing the negligence of the several tortfeasors. *See* art. 2212a, sec. 1, 2(c).

Neither art. 2212 nor 2212a provides any right of contribution to a joint tortfeasor who simply settled with a plaintiff. *Bonniwell*, 663 S.W.2d at 819. A settlement, unless incorporated into a judgment, does not comply with the decrees in *Lubbock* and *Traveler's*.

■ In the case at bar, appellants contend that they entered into a settlement agreement with Weiner, settling his claim against them as well as Jinkins, thus qualifying them for 2212 or 2212a contribution. The record, including the motion for nonsuit and order of dismissal with prejudice, does not reflect that a judicial settlement was reached as required by *Lubbock* and

*Traveler's.* Because the order of non-suit did not incorporate the terms of the settlement agreement, it does not satisfy the requirements of art. 2212 or art. 2212a, and appellants are not entitled to statutory contribution. *See Iowa Mfg. Co. v. Weisman Equipment Co.,* 667 S.W.2d 209 (Tex.App. —Austin 1983, writ ref'd). Due to the absence of the procedural requisites set forth in *Lubbock* and *Traveler's,* and the presence of allegations of products liability, it is unnecessary to determine whether the appellants discharged a liability shared by Jinkins, or whether they paid more than their fair share of the joint liability. *See Traveler's,* 283 F.Supp. at 31; *Iowa,* 667 S.W.2d at 212.

## III. COMMON–LAW RIGHT OF CONTRIBUTION

There was no right to contribution between joint tortfeasors at common law, *Merryweather v. Nixan,* 10 Eng.Rep. 1337 (K.B.1799), and the only basis for contribution in Texas was established in articles 2212 and 2212a. The statutes do not resolve allocation of causation in products liability cases between the manufacturer, who is strictly liable, and the remaining tortfeasors who were not, leaving this for the courts to decide.

■ The common-law concept of contribution adopted in *Duncan,* 665 S.W.2d 414, established proportionate allocation of liability based on comparative causation (the "percentage of credit" rule). When a party settles without a judicial determination of his liability, he cannot recover any of the settlement paid on the premise that he overpaid. *Bonniwell,* 663 S.W.2d at 819. But he is assured that his settlement precludes further liability to non-settling tortfeasors because their liability will be proportionately reduced by the percentage of liability found against the settling tortfeasor. *Duncan,* 665 S.W.2d at 430.

■ Here, the appellants are not entitled to common-law contribution because the common-law scheme outlined in *Duncan* presumes that the settling tortfeasor settled only his percentage of liability. 665

S.W.2d at 432. As a result the "unity of release" rule was abolished. *Id.* at 422. Abolishing that rule and requiring specific identification of non-settling tortfeasors encourages both partial and full settlements; avoids depriving the injured party of full satisfaction; provides incentive for early settlement negotiations; and, ensures that claimants do not, through inadvertence, lose rights against unnamed or unknown tortfeasors by settling with only one of the wrongdoers. *Id.* A non-settling defendant is not harmed because a settling tortfeasor settled for less than his percentage share, nor can he profit from a generous settlement. The non-settling tortfeasor's liability, although joint and several, is totally encompassed in the percentage of causation attributed to the nonsettling tortfeasors found by the trier of facts. *Id.* at 431. Therefore, contribution under the *Duncan* scheme is a bar to further liability on the part of a settling tortfeasor. The necessity for filing cross-claims, third-party actions, or counterclaims is eliminated.

## IV. EFFECT OF MERGER OF MULTIPLE PLAINTIFFS

The appellants' counterclaims were filed in the Weiner/Jinkins consolidated suit following the entry of an agreed order for non-suit with prejudice dismissing Weiner's claim. Appellee contends that if the merger, under rule 174 of the Texas Rules of Civil Procedure, is interpreted in accordance with rule 42 of the Federal Rules of Procedure, the non-suit order is final. On the other hand, if a true merger occurred, no final judgment has been entered, and the appellants are not judgment debtors.

■ Case law outlining the requisites of a settlement judgment are specific on requirements. *See Callihan,* 385 S.W.2d at 587; *Singleton,* 739 F.2d at 198. Under the common-law scheme of comparative causation and percentage of credit rule, a settling joint tortfeasor is not entitled to contribution from non-settling joint tortfeasors, but only to a credit for sums paid. *Bonniwell,* 663 S.W.2d at 816. The credit

acts as a release between the settling plaintiff and tortfeasor and limits the settling tortfeasor's contribution to the amounts previously paid. Therefore, in products liability cases, whether the merger is interpreted under the federal rule or not, the effect of appellants' settlement is the same.

## V. JINKINS' SUMMARY JUDGMENT CLAIM

Rule 166–A of the Texas Rules of Civil Procedure states that any party against whom any claim is made may move for summary judgment. Specifically,

A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

Tex.R.Civ.P. 166–A(b). Appellant's claim for contribution is, therefore, subject to a motion for summary judgment.

The purpose of the summary judgment rule is to provide a means of summarily terminating a case when it appears that only questions of law are involved and that no genuine issue of fact exists. *Straughan v. Houston Citizens Bank & Trust Co.,* 580 S.W.2d 29 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). The question on appeal from an order granting a summary judgment is whether the proof established as a matter of law that there was no genuine issue of fact and that the movant is entitled to judgment. *Gibson v. John D. Campbell & Co.,* 624 S.W.2d 728, 731 (Tex. Civ.App.—Fort Worth 1981, no writ).

Assuming, arguendo, that appellants were allowed to proceed to trial on their cross-claims for common-law contribution, no recovery could be had against Jinkins because of the *Duncan* presumption that the appellants settled only their prospective percentage of liability. Under these circumstances no true cause of action exists. Moreover, a jury finding of no liability against the appellants would suggest that the appellants would be entitled to common-law indemnity, not contribution. We have previously found, however, that the appellee owed no duty to the appellants and the claimant for which common-law indemnity lies.

The policy of the law, to encourage parties to reach fair and equitable settlements based upon prospective percentages of liability, lays to rest the notion that "derivative" actions for contribution are available in strict product liability cases. *Duncan,* 665 S.W.2d at 427.

The judgment of the trial court is affirmed.

EVANS, C.J., dissents.

EVANS, Chief Justice, dissenting.

As the majority opinion indicates, the sole question for review is whether the trial court erred in holding, as a matter of law, that the counterclaims filed by Beech and Teledyne against Jinkins failed to state a cause of action for contribution. I disagree with the majority's holding on that question.

Because Jinkins' motion for summary judgment is directed solely at the pleadings, this court must accept as true the allegations of Beech and Teledyne that Jinkins is a negligent tortfeasor. *Gottlieb v. Hofheinz,* 523 S.W.2d 7 (Tex.Civ.App.— Houston [1st Dist.] 1975, writ dism'd). Applying this standard, if the counterclaims, when liberally construed, state a legal cause of action for contribution, this court must reverse the summary judgment and remand the cause for a factual determination of the issues. *Id.* at 10; 4 R. McDonald, *Texas Civil Practice in District and County Courts* sec. 17.26.8 (rev. 1984).

It is important to understand the procedural posture of the case at the time of the summary judgment hearing. Two separate lawsuits filed by Jinkins and Weiner against Beech and Teledyne had been consolidated, so that all the parties were before the court in one proceeding. Beech and Teledyne had each answered and had filed separate counterclaims, alleging Jinkins' negligence and asserting their rights to indemnity or contribution against him.

Beech and Teledyne then settled with Weiner, and his suit against them was dismissed with prejudice. Weiner executed a release discharging not only Beech and Teledyne, but also Jinkins, from liability to him. Because Weiner had never sued Jinkins, Beech and Teledyne did not have to obtain any court action with respect to Weiner's release of Jinkins' liability. In the settlement contract, Weiner released any claim he had against Jinkins, but Beech and Teledyne reserved the right to proceed against Jinkins for contribution or indemnity.

The majority opinion relies heavily on the recent decision of the Texas Supreme Court in *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816 (Tex.1984). In my opinion, the circumstances of this case are distinguishable from those in *Bonniwell,* because there, the settling defendant settled *only* its own liability to the plaintiff. Here, Weiner discharged not only Beech and Teledyne's liability by his release, but also that of Jinkins. Depending upon the ultimate factfinder's allocation of causal responsibility, Beech and Teledyne would be entitled to contribution from Jinkins upon proving, among other matters, that they had paid a disproportionate share of Weiner's damages. *See Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 427 (Tex.1984); *Lubbock Manufacturing Co. v. International Harvester Co.,* 584 S.W.2d 908 (Tex. Civ.App.—Dallas 1979, writ ref'd n.r.e.).

In my opinion, the summary judgment record does not conclusively dispose of the fact issues underlying the counterclaims filed by Beech and Teledyne against Jinkins for contribution. The allegations of the counterclaims are legally sufficient to assert a cause of action for contribution, and the trial court improperly granted a take-nothing summary judgment against Beech and Teledyne, based solely on the legal sufficiency of their pleadings.

I would reverse the trial court's judgment and remand the cause for further proceedings.