**BEECH AIRCRAFT CORPORATION,**
**et al., Petitioners,**

**v.**

**Dr. Wiley J. JINKINS, III,**
**Respondents.**

**No. C–4807.**

Supreme Court of Texas.

July 8, 1987.

Rehearing Denied Nov. 25, 1987.

Patricia J. Kerrigan, Fulbright & Jaworski, Roger Rider and Robert M. Roach, Mayor, Day and Caldwell, Houston, for petitioners.

Suzanne B. Baker, Gilpin Pohl & Bennett, William L. Maynard, Beirne, Maynard & Parsons, Houston, for respondents.

MAUZY, Justice.

This case concerns the contribution rights of a settling party under both statutory and common law contribution schemes. The specific issue is whether a defendant, who settles a plaintiff's entire claim, may preserve a right to contribution from an alleged joint tortfeasor who does not participate in the settlement. The trial court rendered summary judgment denying the settling defendants any opportunity to establish their right to contribution. The court of appeals affirmed, holding that the settling defendants were, as a matter of law, not entitled to seek contribution under either the common law or statute. 698 S.W.2d 722. For reasons different from

those expressed by the court of appeals, we affirm.

Wiley Jinkins and Richard Weiner were injured in the crash of Jinkins' private plane. At the time of the accident, Jinkins was the pilot and Weiner was his passenger.

Jinkins and Weiner filed separate lawsuits, later consolidated, alleging theories of negligence and products liability against Beech Aircraft Corporation, Teledyne Continental Motors, Aircraft Products Division, and Houston Beechcraft, Inc. The defendants each filed counterclaims against pilot Jinkins, alleging negligence.

The defendants subsequently settled passenger Weiner's claims and obtained a release. Although Weiner had not sued Jinkins, the settlement agreement released Jinkins from liability to Weiner also, and expressed the intent of defendants Beech, Teledyne and Houston Beechcraft to seek contribution from Jinkins. Pursuant to the settlement agreement, Weiner dismissed his claims with prejudice and the defendants amended their counterclaims against Jinkins to include contribution claims purportedly reserved in the settlement agreement with Weiner.

Jinkins moved for summary judgment on defendants' counterclaim for contribution, arguing that the settlement agreement which released Beech, Teledyne, and Houston Beechcraft also extinguished their respective rights to contribution. The trial court granted Jinkins' motion for summary judgment and severed the contribution claims so that the defendants might appeal. The summary judgment did not, in fact could not, identify the applicable contribution scheme because the trial court disposed of the contribution claims prior to a determination of the liability issues.

At present we have three distinct contribution systems in Texas—two based on statute and one created at common law. Tex.Civ.Prac. & Rem.Code Ann. § 32.001 *et seq.* (Vernon 1987) (the original contribution statute); Tex.Civ.Prac. & Rem.Code Ann. § 33.001 *et seq.* (Vernon 1987) (the comparative negligence statute); *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984) (common law contribution by comparative causation). The applicable contribution scheme is determined by the liability theories adjudged against the joint tortfeasors. For example, if liability is established exclusively in negligence, the comparative negligence statute applies. If liability is established under products liability theory or if joint liabilities must be compared under mixed theories, the common law scheme controls contribution rights. Any remaining tort actions not covered by common law or the comparative negligence statute are the domain of the original contribution statute. Tex.Civ. Prac. & Rem.Code Ann. § 32.001(a) and (b) (Vernon 1987).

Because the pleadings in the present case included allegations of both negligence and products liability, neither of which was established prior to judgment on the contribution claims, it was unknown whether the common law or the comparative negligence statute, if either, should control contribution rights. The court of appeals therefore considered the settling parties' rights under both. With one justice dissenting, the court of appeals concluded that the settling parties were not entitled to contribution under either the statutory or common law schemes and, accordingly, affirmed the judgment of the trial court.

That court observed, however, that contribution might be available under the comparative negligence statute, provided certain conditions were met. One of these conditions was that the settling party be cast as a "judgment debtor" which might be accomplished simply by incorporating the terms of the settlement agreement into the judgment of non-suit. Because Beech, Teledyne and Houston Beechcraft had neglected to do this, the court held they had waived any potential right to contribution under the comparative negligence statute.

As the court of appeals points out we have previously recognized a settling party's right to contribution, but only under the original statute. *Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703 (1935); *Callihan Interests, Inc. v. Duf-*

*field*, 385 S.W.2d 586 (Tex.Civ.App.—Eastland 1964, writ ref'd). Subsequent decisions have interpreted *Callihan* and the original statute as requiring a judgment to preserve contribution rights, hence, the court of appeals' conclusion that a settling party's right to statutory contribution depends on its status as a "judgment debtor." *See Iowa Manufacturing Company v. Weisman Equipment Company*, 667 S.W.2d 209 (Tex.App.—Austin 1983, writ ref'd n.r.e.); *Lubbock Manufacturing v. International Harvester Company*, 584 S.W.2d 908 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). Following *Singleton v. New York Underwriters Ins. Company*, 739 F.2d 198 (5th Cir.1984), the court of appeals extended the "judgment debtor" prerequisite to settling defendants seeking contribution under the comparative negligence statute.

■ While we agree that a judgment adverse to the party seeking contribution is an essential prerequisite to contribution, we do not accept the court of appeals' conclusion that such a judgment may be created by agreement of the parties following settlement. The essential prerequisites for a contribution claim are a judgment finding the party seeking contribution to be a joint tortfeasor and the payment by such party of a disproportionate share of the common liability. An agreed judgment incorporating a settlement does not provide a basis for subsequent contribution claims.

We have not previously recognized the contribution rights of a settling party under the comparative negligence statute, and we do not view our previous decisions under the original contribution statute as compelling such recognition. Other than their general subject matter, there is little similarity between the two contribution statutes. The original contribution statute defines its right of action in terms of "(a) person against whom a judgment is rendered...." TEX.CIV.PRACT. & REM. CODE ANN. § 32.002 (Vernon 1987). This language provides some basis for those cases holding "judgment debtor" status to be a prerequisite to a settling party's contribution claim. The comparative negli-

gence statute, however, does not define its right of action in terms of a judgment debt.

Additional differences exist in the context of settlements. The original contribution statute does not discuss the possibility of settlement or its impact on contribution rights. The comparative negligence statute, in contrast, deals in some detail with the subject, but only with regard to a joint tortfeasor's right of contribution against a settling party. TEX.CIV.PRACT. & REM. CODE ANN. §§ 33.014 and 33.015 (Vernon 1987). The comparative negligence statute does not mention the contribution rights of a settling party. The legislature did not see fit to create a contribution right in favor of a settling party and we likewise decline to do so in comparative negligence cases.

The court of appeals also held that contribution was not available to the settling parties under the common law scheme adopted in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984). Although we have difficulty following the court of appeals' discussion of the common law scheme, we understand that court's ultimate conclusion to be that a settling party has no right to common law contribution because he can settle only his proportionate share of liability and not the plaintiff's entire claim as the defendants attempted here. The court of appeals' conclusion rested on its interpretation of both *Duncan* and *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816 (Tex.1984). Our confusion arises because the court of appeals reads *Bonniwell* as additional authority for the requirement that a settlement must be incorporated into a judgment which suggests that contribution rights may be preserved to a settling party even under common law, if certain procedural formalities are followed. 698 S.W.2d at 727.

■ We agree that the common law scheme adopted in *Duncan* permits settlement of only a party's proportionate share of liability. In *Duncan* we discussed the effects of partial settlements and the operation of contribution in favor of the nonsettling defendant. *Duncan*, 665 S.W.2d at 429–432. In that context we said, "Be-

cause each defendant's share can now be determined, it logically follows that each may settle just that portion of the plaintiff's suit." *Id.* We reiterate that statement now in the context of attempted, complete settlements. We see no advantage in allowing defendants responsible for the plaintiff's injuries a right to, in effect, buy the plaintiff's claims and prosecute the other jointly responsible parties. It is not apparent that such settlements will result in any significant savings of time or resources. We can, however, envision that the settling defendant's unusual posture as surrogate plaintiff, co-defendant and cross-plaintiff will confuse a jury and possibly prejudice the remaining parties. We hold that a defendant can settle only his proportionate share of a common liability and cannot preserve contribution rights under either the common law or the comparative negligence statute by attempting to settle the plaintiff's entire claim.

We are mindful of the general rule that a cause of action for damages for personal injuries may be sold or assigned. *Bradshaw v. Baylor University,* 126 Tex. 99, 84 S.W.2d 703 (1935); *Monk v. Dallas Brake & Clutch Service, Inc.,* 697 S.W.2d 780, 782 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Duke v. Brookshire Grocery Company,* 568 S.W.2d 470, 472 (Tex.Civ.App.—Texarkana 1978, no writ). Our holding in the present case is an exception to this general rule. A settling defendant who is jointly responsible for personal injuries to a common plaintiff may not preserve contribution rights either by obtaining a complete release for all other parties allegedly responsible or by obtaining assignment of the plaintiff's entire claim.

The judgment of the court of appeals is affirmed.

RAY, J., files a dissenting opinion in which GONZALEZ, J., joins.

RAY, Justice, dissenting.

I respectfully dissent. I would hold that a joint tortfeasor, who settles a plaintiff's entire claim, may seek contribution from the other parties jointly responsible for the damages to the common plaintiff.

We have not previously considered the contribution rights of a party who settles a plaintiff's entire claim. The court of appeals suggests that we have in both *Bonniwell v. Beech Aircraft Corporation,* 663 S.W.2d 816 (Tex.1984) and *Duncan v. Cessna Aircraft Company,* 665 S.W.2d 414 (Tex.1984), but this is incorrect.

In *Bonniwell,* we held that a defendant who settles his liability and obtains a release for himself has no right to thereafter seek contribution. *Bonniwell,* 663 S.W.2d at 819. The settlement in that instance extinguished the settling party's contribution rights because the settling defendant bought his peace, not the plaintiff's entire claim.

Likewise, *Duncan* did not consider the issue now before us. In *Duncan* we discussed the effects of partial settlements and the operation of contribution in favor of the non-settling defendant. *Duncan,* 665 S.W.2d at 429–32. We did not discuss the consequences of a complete settlement, such as we have here, and we have not previously considered the possibility of a settling party preserving contribution rights under common law.

Under the proper circumstances a settling defendant should be permitted contribution. The right to contribution is based in equity. 18 Am.Jur.2d, Contribution, §§ 1 & 5 (1985). Its purpose, whether arising under statute or common law, is to distribute equitably the burden of the common wrong between or among those responsible. This purpose is not offended by permitting a joint tortfeasor, who settles a plaintiff's entire claim, a right to seek contribution from other alleged joint tortfeasors. The underlying equities are not subverted so long as the nonsettling parties are given the opportunity to litigate their comparative liability and the reasonableness of the settlement figure.

Further, the weight of authority favors permitting a tortfeasor, who settles the plaintiff's claim, a right to contribution. In the absence of legislation to the contrary, "it is almost invariably held that one who settles without judgment can recover con-

tribution." W. Keeton, *Prosser & Keeton on the Law of Torts*, § 50 at 339 (5th ed. 1984). The uniform acts also recognize the right of a tortfeasor, who enters into a reasonable settlement with a claimant, to recover contribution from another tortfeasor whose liability is extinguished by the settlement. Uniform Contribution Among Tortfeasor's Act (1955), §§ 1(d) and 4(a), 12 U.L.A. at 63, 98 (1975); Uniform Comparative Fault Act (1977), § 4(b), 12 U.L.A. at 45 (West Supp.1987).

A joint tortfeasor need not wait for the injured party to obtain a judgment against him, but can enter into a fair and reasonable compromise with the injured party without endangering his right to contribution provided his joint tortfeasor is also released by the settlement. 3 F. Harper, F. James, Jr. & O. Gray, *The Law of Torts* § 10.2 (2d ed. 1986). The tortfeasor from whom contribution is sought is not prejudiced by the fact that judgment has not first been rendered in favor of the person injured because the nonsettling defendant will have his day in court to defend against liability and the reasonableness of the amount paid in settlement of the plaintiff's original claim. 1 J. Dooley, *Modern Tort Law* § 26.31 (B. Lindahl ed. 1982 & Supp. 1987).

It is unclear what policies the court furthers by forbidding a settling party any rights to seek contribution. The court suggests that such settlements will not save time or resources, but it seems evident that they will. Assuming the settling defendant has acted reasonably in settling the plaintiff's claims, how can there not be savings? Surely the court agrees that trying only the secondary contribution claims is less burdensome than trying both the plaintiff's primary claims and the secondary contribution claims. It also seems more plausible that allowing contribution claims under these circumstances will encourage settlements and result in the speedier resolution of the plaintiff's claims. Surely the plaintiff would agree that it is less burdensome to be made whole by settlement.

While I agree with the court that the settlement agreement, whether or not incorporated into a judgment, is not the predicate for contribution, I do not agree that the existence of such a settlement should automatically foreclose contribution rights. A direct analogy can be drawn between a complete settlement by one joint tortfeasor and a plaintiff's election to sue and take judgment against only one of several parties jointly responsible for his injuries. In the latter situation, the payment of the plaintiff's claim by the defendant singled out for retribution, matures that party's right to seek contribution. Having paid the plaintiff's "bill in full," the defendant may then collect contribution from any other party he proves jointly responsible with him for the damage done the common plaintiff. Why then cannot a defendant compromise the plaintiff's entire claim and pursue a similar right to contribution. Comparing the two situations, I cannot help wondering why this court wants to force a defendant to litigate a suit he might otherwise be inclined to settle.

I would reverse the judgment of the court of appeals and remand the cause for trial.

GONZALEZ J., joins in this dissenting opinion.