**Shirley Ann Maturin ADAMS, et al.**

v.

**DRILLING MEASUREMENTS, INC., et al.**

**Civ. A. No. 85–1915.**

United States District Court, W.D. Louisiana, Alexandria Division.

Jan. 28, 1988.

Wilbert J. Saucier, Jr., Pineville, La., and Fuhrer, Flournoy & Hunter, Leonard Fuhrer, Alexandria, La., for plaintiff.

Gist, Methvin, Hughes & Munsterman, Howard B. Gist, III, Alexandria, La., for Pool and Employers.

Scott F. Stains, New Orleans, La., for Pool Co. of Texas and Exxon.

Louise V. White, T.A., William B. Matthews, Jr., and Paul J. Heim, New Orleans, La., for Exxon Corp.

Voorhies & Labbé, Amos H. Davis, Lafayette, La., for Drilling Measurements, Inc. and Interstate Fire & Cas. Co.

Guglielmo, Lopez & Tutle, James T. Guglielmo, Opelousas, La., for Burlington Compressor, Inc. (Burco Power Systems).

Provosty, Sadler & deLaunay, Ronald J. Fiorenza, Alexandria, La., for Buckner Rental Service.

Brittain, Williams & McGlathery, Jack O. Brittain, Natchitoches, La., for Miller Elec. Co.

## RULING

LITTLE, District Judge.

This motion for summary judgment was brought by Burlington Compressor, Inc. (BURCO), Miller Electric Company and Buckner Rental Service, Buckner Rentals, Inc. and Buckner Rentals of Houma against Drilling Measurements, Inc. and its insurer, Interstate Fire & Casualty Company and the Pool Company. Although this motion will turn upon a question of legal principles under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.*, the background of the case is essential to its resolution.

Ray Adams, Jr. was electrocuted on 19 June 1985 while working on a fixed platform located in the territorial waters of the United States adjacent to the State of Texas. Adams' wife and child filed suit against Exxon, the platform owner, and Drilling Measurements, the provider of the electrical cord which caused Adams' accident. The plaintiffs settled their claims for $300,000 and dismissed the lawsuit pending in this Court against Exxon and Drilling Measurements. By way of an amended order of dismissal signed 22 May 1986, Exxon and Drilling Measurements reserved all contribution and indemnity rights against unnamed third parties. On 16 September 1986 Drilling Measurements filed a third-party demand against Buckner, BURCO and Miller asserting third-party defendants' liability "for failure to properly design, manufacture, assemble and/or equip said generators and/or electrical extension cord and/or due to their failure to place proper and/or adequate warnings of the said generator and/or electrical extension cord." Exxon intervened in the suit but was substituted by Pool after an assignment by Exxon to Pool.

All parties agree that the incident which terminated Adams' life occurred in the Outer Continental Shelf and that the exclusive rules governing this controversy are found in the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1301 *et seq.* The parties further agree, and correctly so, that the OSCLA statute does not contain a detailed section governing delic-

tual and quasi-delictual obligations. There is no inadequacy, however, as the Act specifically and simply adopts the law of the State adjacent to that portion of the Continental Shelf where the incident occurred.

To the extent that they are applicable and not inconsistent with this Act or with other Federal laws and regulations of the Secretary now in effect or hereafter adopted, the civil and criminal laws of each adjacent State now in effect or hereafter adopted, amended, or repealed, are hereby declared to be the law of the United States for that portion of the subsoil and seabed of the outer Continental Shelf and artificial islands and fixed structures created thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf.... All of such applicable laws shall be administered and enforced by the appropriate officers and courts of the United States....

43 U.S.C. § 1333(a)(2)(A). The summary judgment motion of third-party defendants becomes meaningful when the Texas laws of contribution are considered. The Supreme Court of that state recently reviewed the contribution systems in Texas—two based on statute and one created at common law. The undisputed conclusion drawn from *Beech Aircraft v. Jinkins,* 739 S.W.2d 19 (Tex.1987) is that contribution rights against joint tort-feasors vanish when one joint tort-feasor settles plaintiff's entire claim, even if the joint tort-feasor reserves his right to claim against other joint tort-feasors or obtains an assignment of those rights from the settling plaintiff.

We hold that a defendant can only settle his proportionate share of community liability and cannot preserve contribution rights under either the common law or the comparative negligence statute by attempting to settle the plaintiff's entire claim. We are mindful of the general rule that a cause of action for damages for personal injuries may be sold or assigned. Our holding in the present case is an exception to this general rule. A settling defendant who is jointly responsible for personal injuries to a common

plaintiff may not preserve contribution rights either by obtaining a complete release for all other parties allegedly responsible or by obtaining assignment of the plaintiff's entire claim.

*Beech Aircraft v. Jinkins, supra* (citations omitted). *See also* Tex.Civ.Prac. & Rem. Code Ann. § 32.001 *et seq.;* § 33.001 *et seq.;* and *Duncan v. Cessna Aircraft,* 665 S.W.2d 414 (Tex.1984). In the case *sub judice,* the date of injury was 19 June 1985; the date of settlement was 31 December 1985; and the date of the third-party demand was 16 September 1986. Under Texas law, according to third-party defendants, the claims for contribution have been extinguished.

Opposing that very neat analysis are third-party plaintiffs. They admit that Texas law is the applicable law but contend that third-party defendants have failed to apply *all* the Texas law. The missing material is the law of conflicts. If this Court applied Texas conflicts of law then the matter would be governed by Louisiana law where the asserted third-party demand would survive a settlement by one joint tort-feasor with the plaintiff.

The argument is well reasoned but inapplicable. It is axiomatic that the law of conflicts can only be applied to a case in which a valid conflicts of law problem has arisen. If this Court were called upon to untangle rights of indemnity described in a contract written, signed and primarily performed in Louisiana and made applicable to a situation which "happened" in Texas, then a conflict of laws problem would arise. If so, this Court would treat the matter exactly as Judge Veron did in *Hebert v. Kerr–McGee Corp.,* 618 F.Supp. 767 (W.D. La.1985) and *McCall v. Columbia Gas Development,* 635 F.Supp. 49 (W.D.La.1986). But the case for decision is one sounding in tort contribution, not contract indemnity.

In support of their position third-party plaintiffs have created false conflicts, not real conflicts. In *Jagers v. Royal,* 276 So. 2d 309 (La.1973) the law of Mississippi, the site of the accident, did not allow intra-family suits. Louisiana refused to apply the Mississippi rule in a Louisiana court. Mis-

sissippi would have no interest in applying its laws in Louisiana. Thus, only one of the states, i.e. Louisiana had an interest in applying its law in Louisiana. A false conflict is presented when one would suggest that Mississippi law would be applicable in a jurisdiction in which its interests would not and could not be asserted.

Here, the tort law of Texas applies to adjudicate the delictual consequences of an accident which, through legislative artifice, occurred in Texas. There is no conflict of law. The result here must be the same if the Adams' survivors sued in a Texas state court for damages sustained due to an accident in Texas. Or, to say it another way, is there any doubt that a Louisiana court would apply its law to an accident which occurs in Louisiana involving Mississippi residents or that a Texas court would apply Texas law to an accident which occurs in Texas involving Mexican nationals? There is no doubt. The Louisiana and Texas courts would apply their own law, but not because of conflicts theories, but because the forum state has the *only interest* in adjudicating delictual obligations arising within its territory.

In sum, third-party defendants' motion for summary judgment is GRANTED and third-party plaintiffs' claim for contribution will be DISMISSED WITH PREJUDICE. An appropriate judgment will issue.

### JUDGMENT

For written reasons assigned this date, third-party defendants' motion for summary judgment is GRANTED. The claims for contribution of Drilling Measurements, Inc. and the Pool Company against Burlington Compressor, Inc., Miller Electric Co., Buckner Rental Service, Buckner Rentals, Inc. and Buckner Rentals of Houma are DISMISSED WITH PREJUDICE.

SIGNED in Alexandria, Louisiana on 28 January 1988.