**Virginia WALKER, et al.,**
**Plaintiffs,**

**Lonestar Helicopters and North Central Texas Services d/b/a Careflite, Plaintiffs-Counter Defendants-Appellants,**

**v.**

**MESSERSCHMITT BOLKOW BLOHM GmBH and MBB Helicopter Corp., Defendants-Counter and Third Party Plaintiffs–Appellees Cross–Appellants, Cross–Appellees,**

**v.**

**The ESTATE OF Rick Lemar FEE and the Estate of Billy Wayne Walker, Third Party Defendants-Appellants Cross-Appellees.**

**Lone Star Helicopters, Inc., North Central Texas Services d/b/a Careflite, the Estate of Rick Lemar Fee and the Estate of Billy Wayne Walker, Plaintiffs-Appellants,**

**United States Fire Insurance Company, Defendant-Appellee.**

Nos. 86–1472, 86–1689.

United States Court of Appeals, Fifth Circuit.

June 16, 1988.

P. Michael Jung, Kevin H. Good, John E. Phillips, Dallas, Tex., for Messerschmitt Bolkow Blohm GmBH and MBB Helicopter Corp.

Martha Vollers Swanger, Austin, Tex., Theodore G. Kolias, Robert A. Gwinn, Dallas, Tex., for Lone Star Helicopters et al.

Newton J. Jones, Rebecca S. Covell, Sifford & Pezzuli, Dallas, Tex., for U.S. Fire Ins. Co.

## ON PETITION FOR REHEARING

(Opinion May 10, 1988, 5th Cir.
844 F.2d 237)

Before GOLDBERG, POLITZ, and DAVIS, Circuit Judges.

PER CURIAM:

In its application for rehearing, Messerschmitt BOLKOW BLOHM GmBH (MBB) raises two points that require consideration.

First, it argues that we misread the record when we observed that MBB failed to preserve its objection to North Central's evidence of other "collective bottoming incidents." MBB points to an exchange between its counsel and the district court on its objections to the admission of portions of two depositions relating to other collective bottoming incidents. In a conference at the beginning of the trial, the court overruled those objections and stated that MBB had a "continuing objection" to the evidence of similar incidents. The record is ambiguous as to whether this continuing objection granted by the court related only to testimony in the two depositions or to such evidence in the trial generally. On reconsideration we conclude that we should give MBB the benefit of the doubt and accept MBB's interpretation of the district court's ruling. Nevertheless, we conclude that the district court did not err in admitting evidence of the other bottoming incidents. The district court was entitled to find that the circumstances surrounding the other bottoming incidents were substantially similar to the facts that occurred just before the crash of the MBB helicopter in the instant case. A manufacturer's knowledge of other similar accidents is ordinarily considered probative of the manufacturer's knowledge of the defect and of whether the design was inadequate. *Jackson v. Firestone Tire & Rubber Co.*, 779 F.2d 1047, 1060 (5th Cir.1986). The district court did not abuse its discretion in admitting this evidence.

MBB also points out in its application for rehearing that we overlooked ruling on its third-party demand against Lone Star for contribution toward payment of the judg-

ment rendered in favor of North Central and against MBB for loss of the helicopter. MBB's contribution claim against Lone Star is predicated on the jury finding that the negligence of Bill Walker, Lone Star's pilot, contributed to the crash to the extent of twenty-five percent. Based on this finding, MBB seeks recovery of twenty-five percent of the judgment rendered against it.

Lone Star makes two arguments in opposition to MBB's contribution claim, both of which we conclude are meritless. Lone Star argues first that the recent Texas Supreme Court case of *Beech Aircraft Corp. v. Jinkins,* 739 S.W.2d 19 (Tex.1987), precludes MBB's contribution claim. Lone Star's reliance on *Beech* is misplaced. *Beech* simply holds that "a *settling* defendant who is jointly responsible for personal injuries to a common plaintiff may not preserve contribution rights either by obtaining a complete release for all other parties allegedly responsible or by obtaining assignment of the plaintiff's entire claim." (emphasis added). In short, *Beech* only precludes a defendant who has settled with the plaintiff from obtaining contribution. It does not bar a defendant who has been cast in judgment from obtaining contribution from a joint tortfeasor.

Lone Star argues next that the Texas Workers' Compensation Act, Tex.Rev. Civ.Stat.Ann. art. 8306 *et seq.* (Supp.1987), shields it from MBB's contribution claim. This is also meritless. The Texas Workers' Compensation Act is designed to shield the employer from claims in tort for personal injuries and death of its employees covered by the Act. But the Act does not purport to shield an employer against claims for property damaged through the negligence of its employees. We, therefore, reject Lone Star's argument that the Texas Workers' Compensation Act shields it from MBB's contribution claim for damage to the helicopter. On remand the judgment entered by the district court should recognize MBB's contribution claim against Lone Star for twenty-five percent of the helicop-

ter loss. The application for rehearing is in all other respects DENIED.