David **HAGAN** and Siemens–Elema Ventilator Systems, Inc., a Division of Elema–Schonander, Inc., Appellants,

v.

John **McKENNA**, M.D., Appellee.

No. 08–88–00332–CV.

Court of Appeals of Texas, El Paso.

April 19, 1989.

Rehearing Denied May 10, 1989.

Frank Scarborough, Glandon, Erwin, Scarborough, Baker & Choate, Abilene, Janice A. Schattman, Hudson, Keltner, Brants & Sparks, Fort Worth, for appellants.

Michael McKinney, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Midland, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

FULLER, Justice.

In a claim for contribution by Siemens–Elema Ventilator Systems, Inc., against John McKenna, M.D., the trial court granted a summary judgment in favor of Dr. McKenna. We affirm.

Francis Hagan suffered a severe asthma attack and was admitted to Midland Memorial Hospital for treatment. He was placed on a Siemens–Elema ventilator. Over a period of some ten hours, the patient became disconnected twice from the ventilator. When the last disconnection was discovered it was found that Francis Hagan had sustained irreversible brain damage. He died shortly thereafter.

The widow and minor child filed suit against:

(1) Siemens–Elema Ventilator Systems, Inc., A Division of Elema–Schonander, Inc. (SIEMENS–ELEMA) who was the distributor of the ventilator system used to treat deceased, contending the alarm system on the ventilator was defective; and

(2) Midland Memorial Hospital and several of its employees contending negligence in failing to properly monitor the deceased's condition;

Appellant, Siemens–Elema, cross-acted against Midland Memorial Hospital asserting negligence contending the ventilator alarm system had been turned off.

Appellant, Siemens–Elema, impleaded Appellee John McKenna, M.D., as a third party defendant, and two Midland Memorial Hospital employees (which are not involved in this appeal). Appellant contended that John McKenna did not properly treat the deceased, resulting in the deceased disconnecting himself from the ventilator system.

The principal parties then entered into a settlement agreement WITH THE EXCEPTION OF JOHN McKENNA, M.D., who was not a party to any settlement.

The settlement agreement conveyed and assigned all rights that the Hagan heirs had arising out of the death of Francis Hagan to David Hagan. The agreement stated that David Hagan, in full settlement between the parties, was being paid $25,000.00 and, in addition, David Hagan agreed to accept one-half of any amount recovered by Appellant Siemens–Elema in its third party claim against John McKenna, M.D. As part of the settlement, David Hagan agreed to execute a release in favor of Siemens–Elema.

After the settlement agreement was entered into, John McKenna, M.D., then filed a motion for summary judgment based on the fact that the settlement agreement had released all parties and extinguished all claims including the claim for contribution. The trial court agreed, and judgment was rendered for John McKenna, M.D.

■ Point of Error No. One asserts that the trial court erred in granting summary judgment by finding that the partial settlement agreement extinguished the claim for contribution against John McKenna, M.D.

■ The law in Texas at the time of the settlement was and as far as we know it is

still the law, that when a defendant (such as Appellant Siemens–Elema) settles a plaintiff's entire claim or obtains a complete release of all claims, it thereafter has no right of contribution against another joint tort-feasor who was not joined in the settlement (such as John McKenna, M.D.) *Beech Aircraft Corporation v. Jinkins,* 739 S.W.2d 19 (Tex.1987); *Texas Distributors, Inc. v. Texas College,* 747 S.W.2d 371 (Tex.1987); *Bonniwell v. Beech Aircraft Corporation,* 663 S.W.2d 816 (Tex.1984).

Furthermore, a settling defendant cannot create a right of contribution by purchasing a plaintiff's cause of action by assignment. *International Proteins Corporation v. Ralston–Purina Company,* 744 S.W.2d 932 (Tex.1988). Appellant Siemens–Elema has by assignment and by carefully worded terminology, used in the settlement agreement, attempted to retain the right to contribution, but it is abundantly clear that the net result was that it settled its risk of any liability with the Hagan heirs. The Hagan heirs never asserted any claim against John McKenna, M.D. Therefore, when Appellant Siemens–Elema voluntarily chose to pay its proportionate share of liability to the Hagans, it extinguished any right of contribution that would have existed as to Appellee John McKenna, M.D., and likewise extinguished any claim derivative to such rights. *Beech Aircraft Corporation v. Jinkins,* 739 S.W. 2d 19 (Tex.1987).

Appellant contends that the settlement agreement falls into the category of partial settlement known as "Mary Carter" agreements, whereby a settling defendant remains a party at the trial and retains a financial stake in the plaintiff's recovery. *General Motors Corporation v. Simmons,* 558 S.W.2d 855 (Tex.1977).

Is the settlement agreement that was executed by the Hagans and Siemens–Elema a "Mary Carter" type agreement? We hold that it is not. As stated, "Mary Carter" agreements are those where a settling defendant remains a party at the trial and retains a financial stake in the plaintiff's recovery.

In the present case, the plaintiffs' in the trial court, Donna and Melissa Hagan, have completely released any potential rights they had against any defendant. Donna, Melissa and David Hagan in their trial court pleadings never made any affirmative claim against Appellee John McKenna, M.D.

Therefore, any recovery that David Hagan could seek against Appellee John McKenna, M.D., under the settlement agreement would be solely derivative of any rights of the trial court defendant, Siemens–Elema. To come within the "Mary Carter" agreement, the claim must come as a result of the plaintiffs' direct cause of action against the non-settling defendant. Since Appellee John McKenna M.D., was never sued by the trial court plaintiffs, we find that the "Mary Carter" cases are inapplicable. The settling parties have attempted to put themselves within the partial settlement reasoning to qualify as a "Mary Carter" agreement, but the net result is that it operated as complete release of all the parties, leaving an action for contribution by a settling tort-feasor.

Point of Error No. One is overruled.

Point of Error No. Two asserts that the trial court erred in denying Appellant's Siemens–Elema's motion for sanctions and allowing a late supplementation of Appellee Dr. McKenna's answers to interrogatories.

Appellee McKenna was allowed to supplement answers to Appellant Siemens–Elema's interrogatories. Those answers asserted that no notice was given as required under the Medical Liability and Insurance Improvement Act, Tex.Rev.Civ.Stat.Ann. art. 4590i, sec. 4.01 (Vernon Supp.1989), therefore, Appellant Siemens–Elema's claim against Appellee was barred. This point of error is not relevant since the case was not tried on the merits, and summary judgment was not granted under any theory of lack of proper notice.

Point of Error No. Two is overruled.

The judgment of the trial court is affirmed.

██

### 4. Workers' Compensation ⟜1820