Timothy E. PEARCE, Appellant,

v.

The VINCE HAGAN COMPANY, Appellee.

No. 2–91–276–CV.

Court of Appeals of Texas, Fort Worth.

July 15, 1992.

Rehearing Overruled Sept. 4, 1992.

Charles E. Webb, Fort Worth, for appellant.

The Fillmore Law Firm, P.C., Randy J. Hall and K. Marvin Adams, Fort Worth, for appellee.

Before LATTIMORE and MEYERS, JJ., and CLYDE R. ASHWORTH, J., (ret.), sitting by assignment.

## OPINION

LATTIMORE, Justice.

This is an appeal by Timothy E. Pearce from a summary judgment which was granted by the trial court in favor of the appellee, The Vince Hagan Company. Pearce in his sole point of error asserts that the trial court erred in granting Hagan's motion for summary judgment because there were genuine issues of material fact that precluded such.

We affirm.

### Statement of Facts

This case stems from an injury sustained by Pearce in October of 1987 when he fell while dumping a load of sand for his employer, Aggregate Haulers, on premises owned by Pioneer Concrete of Texas, Inc. Pearce settled with Aggregate Haulers' worker's compensation carrier, National Union Fire Insurance Company of Pittsburgh, P.A., and then brought suit against Pioneer. Pioneer filed a cross-action against Hagan for contribution. Hagan was the party who had supplied Pioneer with the grate on which Pearce was injured. Pearce and National Union Fire settled their claims against Pioneer with Pioneer assigning its right of contribution. Pioneer was severed out although the contribution cause against Hagan was reserved. Hagan then moved for summary judgment which was granted by the trial court.

### Appellant's Sole Point of Error

As stated *supra,* Pearce contends in his sole point of error that the trial court erred in granting Hagan's motion for summary judgment in that there were genuine issues of material fact that precluded granting of summary judgment. The heart of Pearce's argument on appeal involves the issue of whether a party defendant (or its assignee), after pleading contribution against a third-party defendant, against whom the plaintiff sought no action, may pursue its contribution claim after settling with the plaintiff prior to trial and severing out of the action the plaintiff's suit against the original party defendant.

▆▆▆ The Texas Supreme Court in *Beech Aircraft Corp. v. Jinkins,* 739 S.W.2d 19, 22 (Tex.1987), held that a defendant can settle only his proportionate share of a common liability and cannot preserve contribution rights under either the common law or the comparative negligence statute by attempting to settle the plaintiff's entire claim. *See also Jackson v. Freightliner Corp.,* 938 F.2d 40, 42 (5th Cir.1991); *International Proteins v. Ralston–Purina Co.,* 744 S.W.2d 932, 934 (Tex.1988); *Insurance Co. of N. Am. v. Security Ins.,* 790 S.W.2d 407, 410 (Tex. App.—Houston [1st Dist.] 1990, no writ). However, Pearce relies upon the 1987 Texas tort reform laws; specifically, the legislative amendments to Chapter 33 of the Civil Practice and Remedies Code which created the "contribution defendant." *See* TEX.CIV.PRAC. & REM.CODE ANN. § 33.016 (Vernon Supp.1992). We are not inclined to overrule decades of Texas case law based upon this contention.

Section 33.016 of the Texas Civil Practice and Remedies Code provides in pertinent part:

### § 33.016. Claim Against Contribution Defendant

(a) In this section, "contribution defendant" means any defendant, counterdefendant, or third-party defendant from whom any party seeks contribution with respect to any portion of damages for which that party may be liable, but from whom the claimant seeks no relief at the time of submission.

(b) Each liable defendant is entitled to contribution from each person who is not a settling person and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission. A party may assert this contribution right against any such person as a contribution defendant in the claimant's action.

*Id.* Additionally, as is correctly noted by Hagan, the definitional section in Subchapter B of Chapter 33 of the Civil Practice and Remedies Code states that a " '[l]iable defendant' means a defendant against whom a judgment can be entered for at least a portion of the damages awarded to° the claimant." TEX.CIV.PRAC. & REM.CODE ANN. § 33.011(3) (Vernon Supp.1992). The definition of "liable defendant" contemplates a party against whom a judgment can be entered; however, in the present case, since Pioneer settled with Pearce, Pioneer was no longer a liable defendant and thus waived all right to contribution from Hagan. We hold that section 33.016 is completely consistent on this point with judicial decisions prior to the enactment of the Texas tort reform laws.[1] As previously noted, Texas courts have held that a defendant can settle only his proportionate share of a common liability and cannot preserve contribution rights under either the common law or the comparative negligence statute by attempting to settle the

1. For a comprehensive discussion of the Texas tort reform laws, refer to: Montford, *1987 Texas Tort Reform: The Quest for a Fairer and More Predictable Texas Civil Justice System,* 25 Hous. L.Rev. 245 (1988). This article discusses the amendments to section 33.016 of the Texas Civil Practice and Remedies Code from pages 295–98. The authors never refer to the possibility that these amendments statutorily overruled the holdings in *Beech,* its predecessors, or its progeny with respect to the issue of whether a settling defendant maintains a right of contribution against a joint tort-feasor who was not joined in the settlement. *See Beech Aircraft Corp.,* 739 S.W.2d at 22; *Jackson,* 938 F.2d at 42; *International Proteins,* 744 S.W.2d at 934; *Insurance Co. of N. Am.,* 790 S.W.2d at 410. Our reading of the authors' discussion of the new 33.016 leads us to conclude that the legislature did not alter the line of cases referred to *supra.*

plaintiff's entire claim;[2] therefore, we overrule Pearce's sole point of error. *Beech Aircraft Corp.,* 739 S.W.2d at 22.

The judgment of the trial court is affirmed.

**2.** In *Hagan v. McKenna,* the El Paso Court of Appeals stated in an opinion released on April 19, 1989, a date which is after the effective date of the Texas tort reform laws, that:

The law in Texas at the time of the settlement was and as far as we know it is still the law, that when a defendant ... settles a plaintiff's entire claim[*] or obtains a complete release of all claims, it thereafter has no right of contribution against another joint tort-feasor who was not joined in the settlement....

*Hagan v. McKenna,* 768 S.W.2d 518, 519–20 (Tex.App.—El Paso 1989, writ denied) (emphasis added).