Jose Alberto VELA, Appellant,

v.

Juan Angel GARZA and Roberto Lopez,
As Next Friend of Maria Lopez, a
Minor, Appellees.

No. 13–97–094–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1998.

Marion R. Lawler, III, Christopher C. Franz, Brownsville, for Appellant.

Ronald G. Hole, Micaela Alvarez, Law Offices of Ronald G. Hole, McAllen, Joe Richard Flores, Yanta, Flores & Korth, Edinburg, for Appellee.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

In a suit filed by Marla Lopez, a non-party to the current appeal, a jury found Jose Vela, appellant, sixty percent negligent and Juan Garza, appellee, forty percent negligent in connection with an automobile accident. The trial court entered judgment that Garza, as a third-party plaintiff, recover $2,400 from Vela as a third-party defendant. In two points of error, Vela alleges that the trial court erred in (1) granting Garza a right of contribution, and (2) failing to deduct a settlement credit from the total verdict. We reverse.

### FACTUAL BACKGROUND

With Marla Lopez as a passenger, Vela was involved in an automobile accident with another vehicle driven by Garza. On November 1, 1993, Lopez filed a negligence suit against Garza to recover damages sustained as a result of the accident. Garza, in turn, filed a third-party action against Vela.

Prior to trial, Garza entered into an agreement with Lopez to cap recoverable damages as against Garza at $13,050. As part of the agreement, Garza guaranteed Lopez a minimum recovery of $13,000. Garza paid Lopez this $13,000 prior to trial.

Following a jury trial, Lopez was awarded damages in the amount of $4,000. The jury found Garza forty percent negligent, and Vela sixty percent negligent. The trial court thereafter entered a judgment holding Garza liable for the $4,000 plus pre-judgment interest and awarding Garza contribution from Vela in the amount of $2,400 (60% of $4,000) plus pre-judgment interest. Appellant appeals the entry of such judgment.

### DISCUSSION

In his first point of error, Vela argues that the trial court erred in granting Garza a right of contribution. Specifically, Vela argues that the agreement reached between Garza and Lopez was a settlement. Therefore, Vela concludes, after settling with the plaintiff prior to trial, Garza was not entitled to pursue a contribution claim against a third-party defendant. *Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19, 22 (Tex.1987).

■ We agree with Vela to the extent he argues that the agreement entered between Garza and Lopez constitutes a settlement. A settlement, as used in the comparative responsibility statutes, means "money or anything of value paid or promised to a claimant in consideration of potential liability." *C & H Nationwide, Inc. v. Thompson*, 903 S.W.2d 315, 320 (Tex.1994). The fact that an agreement settles only part of a defendant's potential liability does not prevent the agreement from being characterized as a settlement, albeit partial. *Id.* at 319–20. Garza, by paying $13,000 to Lopez in exchange for which Lopez agreed to cap damages recoverable against Garza at $13,050, has, by this definition, settled his potential liability to Lopez for any damages in excess of $13,050. *See Id.* (defendant's "advance" of $3 million in exchange for which plaintiff agreed to cap damages at $8.5 million constitutes settlement).

■ However, because the partial settlement does not absolve Garza of all potential liability, Garza remains a "liable defendant." TEX. CIV. PRAC. & REM.CODE ANN. § 33.011(3) (Vernon 1997) ("Liable defendant" defined as "a defendant against whom a judgment can be entered for at least a portion of the damages awarded to the claimant."). As such, Garza is entitled to claim contribution from each person "who is not a settling person and who is liable to the claimant for a

percentage of responsibility but from whom the claimant seeks no relief at the time of submission." TEX. CIV. PRAC. & REM.CODE ANN. § 33.016 (Vernon 1997). Accordingly, we hold that Garza had the right to seek contribution from Vela, a non-settling person whom the jury found to be 60% liable for Lopez's damages. Vela's first point of error is overruled.

In his second point of error, Vela argues that the trial court erred in failing to deduct a settlement credit from the total verdict. We agree.

 Section 33.012(b) provides for the mandatory reduction of damages recoverable by a plaintiff where a claimant has settled with one or more other persons. TEX. CIV. PRAC. & REM.CODE ANN § 33.012(b) (Vernon 1997). In light of our finding that the agreement entered between Lopez and Garza constitutes a settlement, it is clear that a settlement credit in the form of a dollar-for-dollar or percentage basis is required under section 33.012(b).

Vela filed a written election opting for a dollar-for-dollar settlement credit. TEX. CIV. PRAC. & REM.CODE ANN § 33.012(b)(1) (Vernon 1997). The result of such an election is to reduce the amount of recoverable damages as found by the jury ($4,000) by the dollar amount of the settlement ($13,000). Such a deduction leaves no damages recoverable by Lopez under the jury verdict.

Garza argues, however, that because no claim was made by Lopez against Vela for damages, Vela was not a "defendant" under the statute,[1] and was therefore not entitled to file a written election of credit. *See* TEX. CIV. PRAC. & REM.CODE ANN § 33.014 (Vernon 1997) ("[e]lection shall be made by any *defendant* filing a written election . . . .") (emphasis added). We disagree.

Garza brought a third party action against Vela seeking contribution. As the third-party plaintiff, we hold that Garza occupied the status of "claimant," as that term is defined, as against Vela, the third-party defendant.[2] As a result, Vela falls within the definition of "defendant" and is thus, entitled to make an election under section 33.014.

Accordingly, because Vela opted for a dollar-for-dollar deduction, the trial judge should have deducted the $13,000 settlement from the $4,000 jury verdict before determining the proportionate responsibility of Garza. Had the court done so, it would have been clear that Lopez was not entitled to any money from Garza. Not owing any money to Lopez, Garza cannot recover contribution from Vela.

Accordingly, we sustain Vela's second point of error, reverse the decision of the trial court, and render judgment that Lopez recover nothing from Garza, and that Garza recover nothing in contribution from Vela.

---

1. "Defendant" includes any party from whom a *claimant* seeks recovery . . . at the time of the submission of the case to the trier of facts. TEX. CIV. PRAC. & REM.CODE ANN. § 33.011(2) (Vernon 1997).

2. "Claimant" is defined as a party seeking recovery of damages pursuant to the provisions of section 33.001, including a . . . third-party plaintiff seeking recovery of damages. TEX. CIV. PRAC. & REM.CODE ANN. § 33.011(1) (Vernon 1997).