In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01036-CV

____________


WILLIAM R. CLEMENS & DEBBIE L. CLEMENS, Appellants


V.


JEFFREY LANDOW D/B/A ROOFING UNLIMITED, Appellee






On Appeal from the 215th District Court

Harris County, Texas

Trial Court Cause No. 94-029883






O P I N I O N

 In this breach of contract case, appellants appeal the trial court's granting of
summary judgment in favor of appellee. We affirm.



Background


 Appellants, William R. Clemens and Debbie L. Clemens (Clemens), entered
into a written contract with Stonebridge Group, Inc. (Stonebridge) to build their
home. Stonebridge's principals included William Ballard and Charles Martin. 
Stonebridge contracted with appellee, Jeffrey Landow d/b/a Roofing Unlimited
(Landow), to construct the house's roof. 

 Because the house required major repairs, especially to the roof, Clemens filed
suit against Stonebridge, Ballard, and Martin for breach of contract, breach of
warranty, and deceptive trade practices. On March 2, 1995, Stonebridge filed a third-party action against Landow. On April 8, 1997, Clemens filed a supplemental
petition in which Landow was named as a defendant. On April 16, 1997, Landow
filed a motion to strike the supplemental petition because it was not timely. On April
25, 1997, Stonebridge assigned all of its claims against Landow to Clemens. The trial
court granted Landow's motion to strike Clemens' supplemental petition on April 28,
1997. On September 26, 1997, Landow filed a partial motion for summary judgment
against Stonebridge on its third party claims on the basis of statute of limitations. 
Landow stated that he would withdraw the motion if Stonebridge would "represent
to the Court and to Mr. Landow that the sole purpose of its third-party action is to
obtain contribution." Stonebridge made that representation in its written response to
Landow's motion. On October 24, 1997, Clemens settled all claims (1) except the roof
claims for $253,500. 

 On November 12, 1997, Landow filed a motion to void Stonebridge's
assignment to Clemens and dismiss the case against him. On November 28, 1997, the
trial court granted Landow's motion, and dismissed the matter in its entirety with
Stonebridge. Clemens appealed. This Court reversed and remanded based on
procedural grounds. (2) 

 On November 22, 1999, Landow filed another motion for summary judgment
against Clemens, arguing that Stonebridge's assignment of claims to Clemens was
void. On January 8, 2000, the trial court signed the interlocutory summary judgment
in favor of Landow as to all claims raised in his motion for summary judgment.

 The roof claims against Stonebridge were called for trial on May 18, 2000. The
trial court noted that Stonebridge was not present at trial, and counsel for Clemens
stated that he had been told that Stonebridge would not appear. After Clemens
presented his evidence, the trial court rendered judgment in his favor for $289,664 in
damages, prejudgment interest, and $95,000 in attorney's fees. Clemens then asked
the trial court to render judgment in his favor as assignee, against Landow. In its final
judgment, the trial court denied judgment in favor of Clemens against Landow on the
assigned claims, and the interlocutory summary judgment became final. Clemens
appeals from Landow's summary judgment.

 In one issue on appeal, Clemens argues that he was entitled to a trial on the
merits as to the assigned claims. Specifically, he asserts that Landow's motion for
summary judgment should have been denied because there were genuine issues of
material fact as to Stonebridge's: (1) independent causes of action against Landow
for breach of contract and breach of warranty; (2) indemnity and contribution for
breach of contract and breach of warranty; and (3) contribution for deceptive trade
practices for the roof claims. 

Summary Judgment


 The standard of review for a traditional summary judgment is well established: 
(1) the movant for summary judgment has the burden of showing there is no genuine
issue of material fact and is entitled to summary judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546,
548-49 (Tex. 1985). 

 For a defendant to prevail on summary judgment, it must show there is no
genuine issue of material fact concerning one or more essential elements of the
plaintiff's cause of action or establish each element of an affirmative defense as a
matter of law. Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990). If
the defendant disproves an element of the plaintiff's cause of action as a matter of
law, summary judgment is appropriate. Friendswood Dev. Co. v. McDade & Co., 926
S.W.2d 280, 282 (Tex. 1996). When necessary to establish a fact issue, the
non-movant must present summary judgment evidence. Westland Oil Dev. Corp. v.
Gulf Oil Corp., 637 S.W.2d 903, 907 (Tex. 1982). When the trial court does not
specify the basis for its summary judgment, the appealing party must show it is error
to base it on any ground asserted in the motion. Star-Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1995).

 Preliminarily, we determine what claims were assigned. Landow filed a partial
motion for summary judgment against Stonebridge on its third party claims on the
basis of statute of limitations. Landow stated that he would withdraw the motion if
Stonebridge would "represent to the Court and to Mr. Landow that the sole purpose
of its third-party action is to obtain contribution." Stonebridge made that
representation in its written response to this motion. Thus, we interpret Stonebridge's
assigned causes of action as assigned claims of contribution.

 In Beech Aircraft Corp. v. Jinkins, 739 S.W.2d 19, 22 (Tex.1987), the Texas
Supreme Court held that "a defendant can settle only his proportionate share of
common liability and cannot preserve contribution rights under either the common
law or the comparative negligence statute by attempting to settle the plaintiff's entire
claim." Similarly, in Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816, 819 (Tex.
1984), the supreme court stated: "Neither article 2212 nor article 2212a [now chapters
32 and 33 of the Texas Civil Practice and Remedies Code] provides any right of
contribution to a joint tortfeasor who has settled the plaintiff's claim."

 Clemens argues that he settled the other claims, but not the roof claims as
memorialized in the settlement agreement. The roof claims were litigated on May 18,
2000. However, Stonebridge failed to appear at trial, a fact that Clemens' trial
counsel knew in advance. After presenting evidence, Clemens obtained a judgment
against Stonebridge. In essence, Clemens had an agreed judgment with Stonebridge
on the roof claims as well as the other claims. 

 A settling person is defined as: "a person who at the time of submission has
paid or promised to pay money or anything of monetary value to a claimant at any
time in consideration of potential liability." Tex. Civ. Prac. & Rem. Code Ann. §
33.011(5) (Vernon 1997). Thus, Stonebridge, as a settling person, had no claims for
contribution from Landow, a non-settling defendant. See Beech Aircraft Corp., 739
S.W.2d at 22. Because Stonebridge could not assert any contribution claims against
Landow, it also had no contribution claims to assign to Clemens. Accordingly, the
trial court properly rendered summary judgment because the assignment from
Stonebridge to Clemens was void as a matter of law. 

 We overrule Clemens' sole point of error.

Conclusion


 We affirm the judgment of the trial court. 

 

 Adele Hedges

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.
1. The claims included: contract overcharges, incomplete work, repairs for
defective work other than to the roof, and usury. 
2. We held that the motion to void assignment and to dismiss was actually a
motion for summary judgment and that the notice of submission was
insufficient. Clemens v. Landow, No. 01-98-00292-CV (Tex. App.--Houston
[1st Dist.] May 27, 1999, no pet.) (not designated for publication).