*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00521-CV

Jeanette **MCCREA**,
Appellant

v.

**COMMERCE TITLE COMPANY**,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 06-10-18088-A-CV
Honorable Mickey R. Pennington, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: July 22, 2009

AFFIRMED

Jeanette McCrea appeals the trial court's order granting the no evidence summary judgment motion filed by Commerce Title Company. McCrea contends she provided more than a mere scintilla of evidence to show that Commerce Title Company acted negligently by omitting several liens from an Ownership and Encumbrance Report it prepared for Jose and Kelly Salazar. We affirm the trial court's order.

**BACKGROUND**

In March of 2003, Jose and Kelly Salazar purchased two tracts of land in Medina County, Texas. Prior to the closing date, the Salazars hired Commerce Title Company to conduct a title search on the property and to issue an Ownership and Encumbrance Report identifying any liens, encumbrances, or other clouds on title on the property. The Ownership and Encumbrance Report did not identify any liens, and the Salazars purchased the property. At the closing, the Salazars paid Commerce Title Company for the abstract, title searches, and the Ownership and Encumbrance Report.

In October of 2004, the Salazars received a letter from First State Bank of Uvalde. The letter informed the Salazars that the Bank held several liens on the property and intended to foreclose on them. According to the Salazars, they relied on the Ownership and Encumbrance report and were not aware of any liens held by the Bank. In November of 2004, the Bank foreclosed on a portion of the property. After the foreclosure, the Salazars also discovered several federal tax liens dating back to 1986 encumbering the property.

The Salazars filed suit against several defendants asserting the defendants failed to disclose the numerous liens encumbering the property. The Salazars asserted numerous causes of action against the sellers from whom they purchased the property as well as McCrea, who conveyed the property to the sellers and also financed the Salazars' purchase of the property. The Salazars also sued Commerce Title Company, alleging that the company negligently omitted the liens from the Ownership and Encumbrance Report.

Commerce Title Company filed a no evidence motion for summary judgment, asserting there was no evidence to support the Salazars' claim of negligence. The Salazars did not file a response to Commerce Title Company's motion; however, McCrea filed a response, alleging she was the

assignee of the Salazars' claims against Commerce Title Company. McCrea attached a letter to her response which outlines the terms of a settlement between the Salazars and McCrea. The trial court granted Commerce Title Company's motion.

### STANDARD OF REVIEW

A movant is entitled to have a no evidence summary judgment motion granted if "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i); *see also Fort Worth Osteopathic Hosp., Inc. v. Reese,* 148 S.W.3d 94, 99 (Tex. 2004). To defeat a no evidence summary judgment motion, the non-movant must produce evidence raising a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i); *Reese*, 148 S.W.3d at 99. "A genuine issue of material fact exists if the nonmovant produces more than a scintilla of evidence establishing the existence of the challenged element." *Reese*, 148 S.W.3d at 99; *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *King Ranch,* 118 S.W.3d at 751 (quoting *Merrell Dow Pharms. Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997)).

### DISCUSSION

McCrea contends the trial court erred in granting Commerce Title Company's motion because she produced more than a mere scintilla of evidence to show that Commerce Title Company owed a duty to the Salazars, breached its duty, and the breach proximately caused damage to the Salazars. Commerce Title Company, however, contends that McCrea does not hold a legal assignment of the Salazars' claims because she only submitted evidence of a future intent to assign; therefore, no proper response was filed to Commerce Title Company's motion.

An assignment transfers some right or interest from one person to another. *Commercial Structures and Interiors, Inc. v. Liberty Educ. Ministries, Inc.*, 192 S.W.3d 827, 833 (Tex. 2006); *MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc.,* 179 S.W.3d 51, 58 (Tex. App.—San Antonio 2005, pet. denied). An assignment of a right occurs when an assignor transfers his or her right to performance from an obligor to an assignee, who then acquires the right to such performance from the obligor. *Commercial Structures*, 192 S.W.3d at 833; *see also* RESTATEMENT (SECOND) OF CONTRACTS § 317(1) (1981). "[T]he assignment is the *act* by which the transfer is effected." *Commercial Structures*, 192 S.W.3d at 833 (emphasis in original).

"When construing a written assignment, we apply the rules of interpretation and construction applicable to contracts" with our primary goal being to ascertain the parties' intent as expressed in the written assignment. *MG Bldg.*, 179 S.W.3d at 58; *see also Commercial Structures*, 192 S.W.3d at 832. If after examining and considering the entire writing as a whole, we conclude that the contract language can be given a certain or definite meaning and is not ambiguous, then we will construe the assignment as a matter of law. *Commercial Structures*, 192 S.W.3d at 832; *MG Bldg.*, 179 S.W.3d at 58. "A contract is not ambiguous merely because parties to an agreement have different interpretations of a term or phrase." *Commercial Structures*, 192 S.W.3d at 832. "A contract is ambiguous only if, after the application of established rules of construction, an agreement is still susceptible to more than one reasonable meaning." *Id*. If the contract contains an ambiguity, then summary judgment is improper because the contract's meaning becomes a fact issue. *MG Bldg.*, 179 S.W.3d at 58.

Here, the letter attached to McCrea's supplemental response states that the Salazars "will assign to Jeanette McCrea, or her designee, all of their claims against Commerce Title Company."

The parties' use of the phrase "will assign to Jeanette McCrea" indicates a future, prospective intention to assign rather than a present intention to assign. *See Commercial Structures*, 192 S.W.3d at 833; *Allodial Ltd. P'ship v. North Texas Tollway Auth.*, 176 S.W.3d 680, 683 (Tex. App.—Dallas 2005, no pet.) (indicating language in a written assignment must reflect a present assignment of rights); *see also Pape Equip. Co. v. I.C.S., Inc.* 737 S.W.2d 397, 401 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (holding that an agreement is not an assignment if there are no present words of transfer). Therefore, the letter does not evidence an assignment from the Salazars to McCrea.

Even assuming the letter accomplished an effective assignment, McCrea, as a settling joint tortfeasor, may not take an assignment of the claims of the original plaintiffs, the Salazars, and pursue them against Commerce Title Company. *See Int'l Proteins Corp.*, *et. al. v. Ralston-Purina Co., et. al.*, 744 S.W.2d 932, 934 (Tex. 1988). "As a general rule a cause of action may be assigned, but it is contrary to public policy to permit a joint tortfeasor the right to purchase a cause of action from a plaintiff to whose injury the tortfeasor contributed." *Id*. at 934; *see also Beech Aircraft Corp. v. Jinkins,* 739 S.W.2d 19, 22 (Tex. 1987). Therefore, although, the Salazars' claims generally could be assigned, it is contrary to public policy to permit McCrea, a joint tortfeasor, to pursue the Salazars' claims via such an assignment. *Int'l Proteins*, 744 S.W.2d at 934.

Because the record contains no evidence that the Salazars assigned their claim to McCrea or, in the alternative, because such an assignment is contrary to public policy, the Salazars failed to file any response to Commerce Title Company's motion for no evidence summary judgment. Absent such a response, the trial court properly granted Commerce Title Company's motion. *See generally* Tex. R. Civ. P. 166a(i); *Michael v. Dyke*, 41 S.W.3d 746, 751 (Tex. App.—Corpus Christi 2001, pet.

denied) (indicating if no response is filed that raises a genuine issue of fact, then the no evidence summary judgment motion must be granted); TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS-PRACTICE, PROCEDURE, AND REVIEW § 5.05[1][a] (3d ed. 2008) ("[S]ummary judgment *must* be rendered absent a legally adequate response by the non-movant.").

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice